SAREANG YE, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE and United States Attorney General Janet Reno, Respondents.

No. 98–70784.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 25, 2000.

Filed June 9, 2000.

Lynn Marcus, University of Arizona College of Law, Tucson, Arizona, for the petitioner.

Heather Phillips (argued) and David V. Bernal, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondents.

Before: FLETCHER, HAWKINS, and THOMAS, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

Sareang Ye petitions for review of a final order of deportation issued by the Board of Immigration Appeals ("BIA"). The BIA found that Ye was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) as an "alien who is convicted of an aggravated felony." Ye argues that his conviction for vehicle burglary does not qualify as an "aggravated felony" because it is neither a "burglary" nor a "crime of violence" as those terms are used in the definition of "aggravated felony." We agree and grant the petition for review.

## I. FACTS AND PROCEDURAL BACKGROUND

Ye was admitted to the United States in 1982 at the age of seven and became a legal permanent resident in February 1983. In 1994, he pled guilty to two charges of vehicle burglary under California Penal Code § 459[1] and received a sentence of three years imprisonment on one count and eight months imprisonment on the other. Upon his release, Ye was taken into custody by the INS, which issued him a Notice to Appear on July 7, 1997. The Notice to Appear charged that Ye had been convicted of the offense of vehicle burglary and that he was therefore removable as an alien who has been convicted of an aggravated felony.

Ye appeared pro se at his removal hearing before the Immigration Judge ("IJ") and admitted that he had been convicted of vehicle burglary. As a result, the IJ found that he was subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony.[2] The IJ sub-

---

1. Section 459 provides:

   Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, vehicle as defined by the Vehicle Code, when the doors are locked, aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary.

2. The IJ did not specify whether Ye's conviction qualified as a "burglary" under the definition of aggravated felony, or as some other offense. Because he had been convicted of vehicle burglary, Ye assumed that the IJ had in mind the burglary provision.

sequently found that because the offense was not a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(b), Ye could apply for withholding from removal. Then, after a hearing at which Ye testified that he would be killed if sent back to Cambodia, the IJ granted his application for withholding of removal.

Ye, now represented by counsel, appealed the finding that he was subject to removal, arguing that his conviction for vehicle burglary was not a "burglary" under the definition of aggravated felony at 8 U.S.C. § 1101(a)(43)(G).[3] The INS argued that his conviction did qualify as a "burglary," but that even if it did not, it constituted a "crime of violence" under section 1101(a)(43)(F) of the aggravated felony definition. The BIA agreed. Without deciding whether Ye had been convicted of a burglary under section 1101(a)(43)(G), it held that Ye had been convicted of a "crime of violence" under section 1101(a)(43)(F) and that he was therefore removable under section 1227(a)(2)(A)(iii) for having committed an aggravated felony.

On appeal to this court, Ye argues that his conviction for vehicle burglary was neither a "burglary" nor a "crime of violence," as those terms are used in the definition of "aggravated felony." The INS argues that Ye's conviction falls under both categories and that, as a result, this court lacks jurisdiction to hear his appeal.

## II. ANALYSIS

The Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), limits our review of orders of removal. Under 8 U.S.C. § 1252(a)(2)(C), as amended by IIRIRA, "no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section ... 1227(a)(2)(A)(iii) . . . ." Section 1227(a)(2)(A)(iii) provides that an alien convicted of an aggravated felony may be

deported. So under IIRIRA, this court does not have jurisdiction to review a final order of removal against "an alien who is removable by reason of having committed" an aggravated felony.

■ Because the issue in this appeal is whether Ye committed an aggravated felony, and because we have jurisdiction to determine our own jurisdiction, see Aragon–Ayon v. INS, 206 F.3d 847, 849 (9th Cir.2000), the jurisdictional question and the merits collapse into one. If Ye did not commit an aggravated felony, we have jurisdiction, and Ye wins on the merits. If Ye did commit an aggravated felony, we do not have jurisdiction (and Ye would lose on the merits anyway). The case thus turns on whether Ye's conviction for vehicle burglary qualifies as a "burglary" or a "crime of violence" as those terms are used in the definition of "aggravated felony."

■ This court reviews de novo the question of whether a particular offense constitutes an aggravated felony for which an alien is subject to removal. See Coronado–Durazo v. INS, 123 F.3d 1322, 1324 (9th Cir.1997).

### A. Burglary

Under 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony" means, among other things, a "burglary offense for which the term of imprisonment [is] at least one year." The statute does not define the word "burglary," but the Supreme Court has addressed the meaning of that term in another statute.

In Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), a defendant challenged his sentence enhancement under the Career Criminals Amendment Act of 1986, which provides for an enhancement if a person has three prior convictions for specified types of offenses, including "burglary." The defendant argued that his conviction for second-degree burglary under Missouri law did not qualify as a "burglary" under the Act

---

**3.** The INS did not appeal the IJ's decision to grant withholding of removal.

and that the sentence enhancement was therefore inapplicable.

The Court did not decide whether the defendant's conviction was a "burglary," but it held that the question could not be answered by looking at the definition of burglary adopted by a particular state; that would lead to disparate results in different states. *See id.* at 590–92, 110 S.Ct. 2143. Instead, the court held, the word burglary "must have some uniform definition independent of the labels employed by the various States' criminal codes." *Id.* at 592, 110 S.Ct. 2143. And, it held, a defendant has not been convicted of burglary under the Career Criminals Amendment Act unless his offense meets the uniform definition. *See id.* at 598–99, 110 S.Ct. 2143.

The Court then looked at the various state statutes and settled on a uniform definition of burglary as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* The Court specifically noted that entry into a vehicle qualifies as a burglary in some states, including California, but that it would not fall under the uniform definition. *See id.* at 591, 599, 110 S.Ct. 2143. The Court also stated that when determining whether a person has been convicted of burglary, a judge should look first to the statute under which the person was convicted. *See id.* at 602, 110 S.Ct. 2143. If the statute is overbroad—if it includes offenses that do not fall under the uniform definition—the judge may then look to the charging papers and jury instructions to determine whether the defendant's conviction actually meets the uniform definition. *See id.* But, the Court held, a judge should not look to the particular facts underlying the conviction. *See id.* at 600, 110 S.Ct. 2143.

Although *Taylor* concerned use of the word "burglary" in the Career Criminals Amendment Act, two of our sister circuits have applied the same analysis to use of the term "burglary" in the Immigration and Nationality Act. In *Lopez–Elias v. Reno,* 209 F.3d 788, 791, 792 (5th Cir.

2000), the Fifth Circuit held that when Congress uses the term "burglary" without specifying a definition, a court should apply the generic understanding of the word. It then adopted the Supreme Court's definition of burglary in *Taylor* and held that the appellant's conviction for vehicle burglary did not qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). *See id.* at 792. The Seventh Circuit reached the same conclusion in *Solorzano–Patlan v. INS,* 207 F.3d 869, 874–75 (7th Cir.2000).

We join these circuits in holding that the term "burglary," as used in section 1101(a)(43)(G), has a uniform definition independent of the labels used by state codes and that the definition is identical to the one adopted in *Taylor*—the unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime. We reach this conclusion for several reasons.

First, the concerns of uniformity that motivated the Supreme Court in *Taylor* are equally strong in the immigration context. We have repeatedly recognized that the immigration laws should be applied uniformly across the country, without regard to the nuances of state law. *See Kahn v. INS,* 36 F.3d 1412, 1414 (9th Cir.1994) ("The INA was designed to implement a uniform federal policy, and the meaning of concepts important to its application are not to be determined according to the law of the forum, but rather require[ ] a uniform federal definition.") (alteration in original) (internal quotations omitted); *Avila–Murrieta v. INS,* 762 F.2d 733, 735 (9th Cir.1985) ("Immigration law is an area in which uniformity is of great importance."); *Burr v. INS,* 350 F.2d 87, 90 (9th Cir.1965) (application of federal immigration statute "will not be made to depend upon the niceties and nuances of state procedure").

Second, Congress added the term "burglary" to the definition of aggravated felony in 1994, four years after *Taylor* was decided. Congress is presumed to be fa-

miliar with Supreme Court precedent and to expect that its enactments will be interpreted accordingly. *See United States v. Wells,* 519 U.S. 482, 495, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997). Therefore, in the absence of legislative history to the contrary, we must assume that Congress intended the word "burglary" at 8 U.S.C. § 1101(a)(43)(G) to be interpreted consistently with the Supreme Court's definition of that term in *Taylor.*

■ Because Ye was convicted of vehicle burglary, which does not fall under the uniform definition in *Taylor,* he has not been convicted of burglary as that term is used at section 1101(a)(43)(G).

B. *Crime of Violence .*

Under 8 U.S.C. § 1101(a)(43)(F), the term "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." Section 16 of Title 18, in turn, provides that "crime of violence" means:

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

■ The government does not argue that force or its attempted or threatened use is an element of California Penal Code § 459, the statute under which Ye was convicted. The only question, therefore, is whether Ye was convicted of an offense that, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

■ In making this determination, we generally follow a categorical approach, "looking only to the statutory definition[ ] of the prior offense." *See United States v. Parker,* 5 F.3d 1322, 1324 (9th Cir.1993)

(quoting *Taylor,* 495 U.S. at 600, 110 S.Ct. 2143). However, when the statute reaches both conduct that would constitute a crime of violence and conduct that would not—as does California Penal Code § 459—we follow a modified categorical approach, in which we look to the charging paper and judgment of conviction to determine if the actual offense the defendant was convicted of qualifies as a crime of violence. *See Parker,* 5 F.3d at 1327. We do not, however, look to the particular facts underlying the conviction. *See Taylor,* 495 U.S. at 600, 110 S.Ct. 2143.

The judgment of conviction in this case shows that Ye pled guilty under section 459 to vehicle burglary, and the information alleges that he entered a locked vehicle with intent to commit theft. Ye confirmed these facts at his removal hearing before the IJ. Therefore, we must determine whether entry of a locked vehicle with intent to commit theft is a crime that, by its nature, involves a substantial risk that physical force will be used against the person or property of another.

The INS argues that because a person can only be convicted of vehicle burglary if the doors of the vehicle are locked, the offense will almost always involve some use of physical force—such as the breaking of a window or the jimmying of a lock. It also argues that, like residential burglary, vehicle burglary involves a substantial risk that physical force will be used against a person since an intruder never knows when he might encounter someone inside.

■ We find these arguments unpersuasive. Like the Seventh Circuit, we believe that "the force necessary to constitute a crime of violence [ ] must actually be violent in nature." *Solorzano–Patlan,* 207 F.3d at 875 n. 10. And under section 459, there are numerous ways a person can commit vehicle burglary short of using violent physical force. He can enter a car through an open window, by means of a stolen key, or with the aid of a "slim jim." *See United States v. Chatman,* 869 F.2d 525, 529 (9th Cir.1989) (holding that under

California Penal Code § 459, "no force against the vehicle need be proved; entry by way of a wing window that is unfastened has been held to be a burglary"), abrogated on other grounds, *Taylor*, 495 U.S. at 592–98, 110 S.Ct. 2143. Moreover, because section 459 does not require an unprivileged or unlawful entry into the vehicle, see *Parker*, 5 F.3d at 1325, a person can commit vehicle burglary by borrowing the keys of another person's car and then stealing the car radio once inside.

We also reject the INS's analogy to residential burglary. A person who enters a home or occupied building to commit theft may well encounter people inside and resort to physical force to carry out his plan. But the interiors of vehicles are generally visible from the outside, and there is little risk that a thief will stumble upon an unexpected occupant once he or she gains entry to the car.

Finally, we reject the INS's argument that the legislative history of 18 U.S.C. § 16 supports its interpretation. In *United States v. Becker*, 919 F.2d 568, 573 (9th Cir.1990), we noted that a Senate report concerning 18 U.S.C. § 16 listed "burglary" as an offense that would involve a substantial risk of physical force against another person or against property. However, as pointed out above, vehicle burglary does not fall within the uniform definition of burglary used by Congress. In addition, other evidence suggests that 18 U.S.C. § 16 was not intended to include vehicle burglary. The application note to the U.S. Sentencing Guidelines, which employ the definition of "crime of violence" found at 18 U.S.C. § 16, states that "'[c]onviction for burglary of a dwelling would be covered [under the "crime of violence" provision]: conviction for burglary of other structures would not be covered.'" *Becker*, 919 F.2d at 571 (quoting Application Note 1 to U.S.S.G. § 4B1.2 (1988)). This evidence is not dispositive, but it undercuts the INS's argument that the "crime of violence" provision was generally understood to include all burglaries.

Because entry into a locked vehicle is not essentially "violent in nature," the risk of violence against a person or property is low, and the legislative history does not indicate that Congress intended to include vehicle burglaries, we hold that vehicle burglary is not a crime of violence under 8 U.S.C. § 1101(a)(43)(F).[4]

## III. CONCLUSION

Ye's conviction for vehicle burglary under California Penal Code § 459 does not qualify as a "burglary" or a "crime of violence" as those terms are used in the definition of aggravated felony. As a result, he is not "an alien who is convicted of an aggravated felony," and we have jurisdiction to hear his appeal.[5] We conclude

---

**4.** In reaching this conclusion, we decline to follow the Eighth and Fifth Circuits, which have held that vehicle burglary is a crime of violence. *See United States v. Guzman–Landeros*, 207 F.3d 1034 (8th Cir.2000); *United States v. Rodriguez–Guzman*, 56 F.3d 18 (5th Cir.1995). The Eighth Circuit offered no explanation for its holding, and the Fifth Circuit stated only that vehicle burglary "often involves the application of destructive physical force to the property of another." *Rodriguez–Guzman*, 56 F.3d at 20.

**5.** We also reject the INS's argument, made in a footnote in its brief, that we lack jurisdiction because Ye is "an alien who is removable by reason of having committed ... any offense covered by section 1227(a)(2)(A)(ii) for which both predicate offenses are, without regard to their date of commission, otherwise covered

by section 1227(a)(2)(A)(i)." 8 U.S.C. § 1252(a)(2)(C). Under this provision, we lack jurisdiction if Ye was convicted of two crimes of moral turpitude, not arising out of the same criminal scheme, and both crimes carry possible sentences of one year or longer. Ye was convicted of two counts of vehicle burglary, which is a crime of moral turpitude that carries a possible sentence of one year or longer. But the INS has not shown that the two counts arose out of different criminal schemes. It argues that one count was for an offense in 1993, while the other was for an offense in 1994. However, the judgment of conviction indicates that both offenses occurred in 1994. Therefore, we cannot conclude that Ye has committed two crimes of moral turpitude not arising out of the same criminal scheme.

that the BIA erred in determining that he is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).[6]

PETITION GRANTED.

---

6. Because we conclude that Ye is not removable under section 1227(a)(2)(A)(iii), we need not reach his due process claims.