**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raul Villa JIMENEZ, Defendant–**
**Appellant.**

**No. 00–50072.**

**D.C. No. CR–99–00619–ER–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

MEMORANDUM **

Raul Villa Jimenez appeals his conviction and 77–month sentence following his guilty plea to one count of being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Jimenez did not challenge below the use of his prior convictions to enhance his sentence, we review for plain error. *See United States v. Pacheco–Zepeda,* No. 99–50720, 2000 WL 33156290, at *3 (9th Cir. Feb. 8, 2001) (amended opinion), *cert. denied,* —— U.S. ——, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) (No. 00–8814). We vacate and remand.

Jimenez contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), his sentence was unlawful because it was based on a fact, his deportation following convictions for aggravated felonies, that was not alleged in the indictment or proven beyond a reasonable doubt. We reject Jimenez's contention because it is foreclosed by our recent decision in *Pacheco–Zepeda,* 2000 WL 33156290, at *4–*5 (concluding that *Apprendi* did not overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)).

Jimemez also contends that his prior convictions for vehicle burglary under Cal.Penal Code § 459 do not constitute aggravated felonies under 8 U.S.C. § 1326(b)(2). We agree. *See* U.S.S.G. § 2L1.2(b)(1)(A) & comment. (n.1) (1998); 8 U.S.C. § 1101(a)(43)(G); *Ye v. Immigration & Naturalization Serv.,* 214 F.3d 1128, 1133 (9th Cir.2000) (holding that vehicle burglary does not qualify as a "burglary" under 8 U.S.C. § 1101(a)(43)(G)). Under *Ye,* Jimenez's vehicle burglaries do not qualify as aggravated felonies. *See Ye,* 214 F.3d at 1133.

As the government points out, and Jimenez concedes, his conviction for sale of rock cocaine under Cal. Health & Safety Code § 11352(a) may qualify as an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See United States v. Lomas,* 30 F.3d 1191, 1195 (9th Cir.1994). Jimenez contends, however, that we should remand to the district court to consider whether a downward departure based on the minor nature of this aggravated felony is appropriate. *See United States v. Sanchez–Rodriguez,* 161 F.3d 556, 560 (9th Cir.1998) (en banc) (concluding that a district court may depart based on the minor nature of a prior aggravated felony).

Because the presentence report did not list this drug conviction as one of the aggravated felonies that supported the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), the parties did not have an opportunity to argue whether it qualified as an aggravated felony or whether any downward departures based on the conviction were appropriate.

Accordingly, we remand to the district court to determine whether this offense qualifies as an aggravated felony and whether Jimenez is entitled to any downward departures for this prior conviction.

VACATED and REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.