**Cornelius PRINCE, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71542.
I & NS No. A30–621–909.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2001 *.

Decided Nov. 7, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Cornelius Prince is a native and citizen of Trinidad who seeks review of a final order of the Board of Immigration Appeals (BIA) finding that his departure from the United States, subsequent to the filing of his appeal to the BIA, constituted a withdrawal of that appeal. We dismiss for lack of jurisdiction.

 Whether or not the BIA and this court lack jurisdiction on account of Prince's departure, we lack jurisdiction to review a final order of removal entered against an alien who is removable as an aggravated felon. *See* 8 U.S.C. § 1252(a)(2)(C) (2001). Prince was convicted of first degree burglary in violation of California Penal Code § 459 and was sentenced to prison for two years. Although he argues that his burglary conviction is not an aggravated felony because California's definition is broader than the generic definition adopted in *Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and *Ye v. INS,* 214 F.3d 1128, 1131–32 (9th Cir. 2000), Prince admitted at his deportation hearing that he was convicted of burglary for entry into a garage attached to a residence and that he could be deported as an aggravated felon. Prince suggests no facts about the charges or about his conviction that call his concession into question. Moreover, the charging documents and uncontested Abstract of Judgment, of which we may take judicial notice on appeal, *see United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001), demon-

strate that Prince pleaded guilty to a charge of burglary within the *Taylor* definition. As he has not carried his burden of proving facts sufficient to warrant jurisdiction, *United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 525–26 (9th Cir.1999), we dismiss.

PETITION DISMISSED.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.