Roberto CORTEZ–QUINONEZ,
Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 00–71662.
INS No. A35–897–776.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 7, 2002.*

Decided April 2, 2002.

Before TROTT, THOMAS, and
WARDLAW, Circuit Judges.

MEMORANDUM**

Roberto Cortez–Quinonez ("Cortez"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals affirming the Immigration Judge's decision finding him removable as an aggravated felon under INA § 237(a)(2)(A)(iii) for his prior conviction for false imprisonment. Although 8 U.S.C. § 1252(a)(2)(C) deprives us of review of the order of removal, we retain jurisdiction "to determine whether jurisdiction exists." *See Flores–Miramontes v. INS*, 212 F.3d 1133, 1135–36 (9th Cir.2000) (we have jurisdiction to determine whether a petitioner is an alien removable by reason of having been convicted of one of the enumerated offenses). We deny the petition.

Cortez argues that false imprisonment in violation of California Penal Code §§ 236–37 is not a crime of violence, because "by its nature," it does not involve a "substantial risk that physical force" may be used in the course of committing the offense. *See* 18 U.S.C. § 16; 8 U.S.C. § 1101(a)(43)(F). Under section 237, a person can be convicted of false imprisonment by fraud or deceit, as well as by violence or menace. *See* Cal.Penal Code § 237(b); *People v. Rios*, 177 Cal.App.3d 445, 222 Cal.Rptr. 913, 916 (1986). We agree that a conviction under these statutes, standing alone, is insufficient to constitute a crime of violence. "However, when the statute reaches both conduct that

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

would constitute a crime of violence and conduct that would not ... we follow a modified categorical approach, in which we look to the charging paper and judgment of conviction to determine if the actual offense the defendant was convicted of qualifies as a crime of violence." *Ye v. INS*, 214 F.3d 1128, 1133 (9th Cir.2000). Here, the judgment of conviction and the charging papers reveal that Cortez was convicted of false imprisonment *by violence*, and that this crime was perpetrated with a gun. We therefore find that his conviction is a crime of violence that qualifies as an aggravated felony.

PETITION DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.