Before D.W. NELSON, BEEZER, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Fernando Sanchez–Rodriguez, an alien convicted of illegal re-entry, 8 U.S.C. § 1326, appeals his forty-one-month sentence, contending that the district court erred in applying a sixteen-point sentencing enhancement under U.S.S.G. § 2L1.2(a)(1)(A) for his 1996 California state burglary conviction.

For the first time on appeal, Sanchez–Rodriguez argues that the district court erred by failing to employ the modified categorical approach developed in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Ye v. INS*, 214 F.3d 1128, 1134 (9th Cir.2000), in analyzing whether his conviction under California Penal Code § 459 is an aggravated felony under 8 U.S.C. § 1101(a)(43). Sanchez–Rodriguez failed to object on this basis, however, either in his written objections to the Presentence Report or at his sentencing hearing. Because Sanchez–Rodriguez failed to object to the accuracy of the Presentence Report, the district court did not err in relying upon it. *United States v. Romero–Rendon*, 220 F.3d 1159 (9th Cir.2000) (district court may rely solely on an unchallenged Presentence Report, which includes the statute of conviction, as clear and convincing evidence for a sentencing enhancement).

Although Sanchez–Rodriguez made five objections to the Presentence Report, he failed to claim that his residential burglary conviction was not a crime of violence because it did not fit within the generic definition of burglary under *Taylor*. Instead, he contested the use of that convic-

tion on the ground that he did not serve a year or more. Nor can his request for a downward departure be bootstrapped into a *Taylor* objection. Neither argument below fairly raised to the district court the contention that it should examine the charging documents to determine whether Sanchez–Rodriguez was in fact convicted of generic burglary in light of § 459's over-inclusivity.

We therefore

AFFIRM.

## UNITED STATES of America, Plaintiff–Appellee,

v.

## Laura Anne MARQUEZ, Defendant–Appellant.

No. 00–50566.

D.C. No. CR–00–1772–JTM.

United States Court of Appeals, Ninth Circuit.

Oct. 31, 2002.

Before MCKEOWN and FISHER, Circuit Judges, and HAGEN,[1] District Judge.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Honorable David Warner Hagen, United States District Court Judge for the District of Nevada, sitting by designation.

## ORDER

This case is resubmitted for disposition as of October 30, 2002.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Laura Anne MARQUEZ, Defendant–Appellant.**

No. 00–50566.

D.C. No. CR–00–1772–JTM.

United States Court of Appeals, Ninth Circuit.

Submitted May 11, 2001.[1]

Decided Oct. 31, 2002.

Appeal from the United States District Court for the Southern District of California, Jeffrey T. Miller, District Judge, Presiding.

Before McKEOWN and FISHER, Circuit Judges, and HAGEN,[2] District Judge.

## MEMORANDUM[3]

Laura Anne Marquez appeals her conviction and sentence for possession and importation of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We affirm.

According to Marquez, the government proposed that she accept their standard "fast track" offer which required that she (1) waive her right to indictment and plead guilty to an information within thirty days of the initial appearance before a magistrate judge, (2) not file or argue any motions, (3) agree to waive her right to appeal the decision of the district court, and (4) waive her right to receive *Brady* information. In return, the government would recommend a two-level downward departure. Marquez's attorney attempted to

---

**1.** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**2.** The Honorable David Warner Hagen, United States District Court Judge for the District of Nevada, sitting by designation.

**3.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.