UNITED STATES of America,
Plaintiff—Appellee,

v.

Fernando SANCHEZ–RODRIGUEZ,
aka Fernando Rodrigues,
Defendant—Appellant.

No. 01–10580.

D.C. No. CR–01–00010–DWH/RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2002.*

Decided Dec. 6, 2002.

Before D.W. NELSON, BEEZER and WARDLAW, Circuit Judges.

MEMORANDUM **

Fernando Sanchez–Rodriguez, an alien convicted of illegal re-entry, 8 U.S.C.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1326, appeals his forty-one-month sentence, contending that the district court erred in applying a sixteen-point sentencing enhancement under U.S.S.G. § 2L1.2(a)(1)(A) for a "crime of violence."

Sanchez–Rodriguez failed to argue to the district court, either in his written objections to the Presentence Report or at his sentencing hearing, that he was entitled to the modified categorical approach developed in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and *Ye v. INS,* 214 F.3d 1128, 1134 (9th Cir.2000). We therefore review his challenge under plain error analysis. *See United States v. Sandoval–Venegas,* 292 F.3d 1101, 1109 (9th Cir.2002).

The court looks to the modified categorical approach when a sentencing enhancement cannot be justified solely by the statutory definition of a defendant's prior crime of conviction. *Id.* at 1106. Under the modified categorical approach, the court examines "documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes." *Id.* Such facts must show that Sanchez–Rodriguez was actually "found guilty of each necessary element [of a qualifying offense] by a fact finder or through a guilty plea." *Id.* A conviction under § 459, California's general burglary statute, does not itself qualify as a predicate offense, nor does Sanchez–Rodriguez's presentence report suffice to establish that he was actually found guilty of each necessary element of residential burglary. *See id.* at 1108. Because the district court's application of the sentencing enhancement for a "crime of violence" dramatically increased Sanchez–Rodriguez's sentence without a qualifying prior conviction, we find plain error pursuant to *United States v. Olano,* 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

We therefore VACATE the sentence and REMAND for resentencing.