UNITED STATES of America,
Plaintiff—Appellee,

v.

Jose Antonio GONZALEZ–GARCIA,
Defendant—Appellant.

No. 02–16188.

D.C. Nos. CV–N–00–630–ECR,
CR–99–00008–ECR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Dec. 15, 2003.

R. Don Gifford, II, United States Attorney's Office, Assistant United States Attorney, Reno, NV, for Plaintiff–Appellee.

Vito de la Cruz, FPDNV–Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before CUDAHY,* BEEZER and KLEINFELD, Circuit Judges.

## MEMORANDUM**

Gonzalez–Garcia appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition. Gonzalez–Garcia argues that he received ineffective assistance of counsel and that his sentence was illegal under the Sentencing Guidelines. We have jurisdiction pursuant to 28 U.S.C. § 2253 and we affirm.

### I

Gonzalez–Garcia contends that his trial counsel was ineffective by failing to argue at sentencing the applicability of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) and *United States v. Parker*, 5 F.3d 1322 (9th Cir. 1993). *Taylor* and *Parker* both involved interpretations of the sentencing enhancement provisions of § 1402 of Subtitle I (the Career Criminals Amendment Act of 1986) ("CCAA") of the Anti–Drug Abuse Act of 1986, 18 U.S.C. § 924(e). In *Taylor*, the Supreme Court held that the term "burglary" as it is used under the CCAA, incorporates a generic definition of the crime of burglary, not one dependent on an individual state's statutory definition. 495 U.S. at 598. In *Parker*, we addressed the limited question under the CCAA whether a court may resort to the charging papers alone in determining whether a prior conviction was a "violent felony" for enhancement purposes. 5 F.3d at 1325–28.

By contrast, Gonzalez–Garcia was convicted for violating 8 U.S.C. §§ 1326(a), (b)(2) of the Immigration and Nationality Act ("INA"). Although we eventually held that *Taylor*'s generic burglary definition should also be applied to § 1101(a)(43)(G) of the INA, we did not do so for approximately nine months after Gonzalez–Garcia's sentencing. *Ye v. INS*, 214 F.3d 1128, 1132 (9th Cir.2000). Counsel's decision not to raise an argument based on *Taylor* or *Parker*, neither of which was controlling, was not objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Summerlin v. Stewart*, 341 F.3d 1082, 1094 (9th Cir.2003) ("In assessing an attorney's performance, a reviewing court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.") (quoting *Strickland*, 466 U.S. at 689) (internal quotations omitted). Counsel's chosen strategy was reasonable and effective, resulting in a two-point reduction of Gonzalez–Garcia's base offense level.

### II

Petitioner waived his claim that his sentence is illegal by failing to raise it on

---

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

direct appeal. *United States v. McMullen,* 98 F.3d 1155, 1157 (9th Cir.1996).

AFFIRMED.