**Gabriel PAEZ–PEREZ, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–70105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2004.

Decided March 24, 2004.

---

\* The court sua sponte changes the docket, pursuant to 8 U.S.C. § 1252(b)(3)(A), to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The Honorable Charles R. Weiner, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

Hector A. Montoya, Tucson, AZ, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Phoenix, AZ, David V. Bernal, Attorney, Ernesto H, Molina, Jr., U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL and GRABER, Circuit Judges, and WEINER, District Judge.\*\*

MEMORANDUM \*\*\*

Gabriel Paez–Perez ("petitioner") appeals the Board of Immigration Appeals' denial of his motion to reopen deportation proceedings, on the ground that he is entitled to discretionary relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act ("INA"). Since petitioner was an alien deportable by reason of having committed a criminal offense enumerated in § 309(c)(4)(G) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), we dismiss his petition for lack of jurisdiction.

The interim transitional rules of the IIRIRA govern immigration proceedings initiated by the Immigration and Naturalization Service ("INS") before April 1, 1997, in which a final order of deportation

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was issued after October 30, 1996. *Magana–Pizano v. INS*, 200 F.3d 603, 607 (9th Cir.1999). Deportation proceedings were initiated against petitioner on January 23, 1997, and the final order of deportation was issued against him on December 13, 2000. Thus, the interim transitional rules apply.

Section 309(c)(4)(G) of the IIRIRA provides that *"there shall be no appeal* permitted in the case of an alien who is . . . deportable by reason of having committed a criminal offense" enumerated in §§ 212(a)(2) or 241(a)(2)(A)(iii), (B), (C), or (D) of the INA. IIRIRA § 309(c)(4)(G) (emphasis added). However, we retain jurisdiction to determine our own jurisdiction. *Sareang Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000). In particular, we may exercise jurisdiction in order to determine whether (1) petitioner is an alien; (2) whether petitioner is deportable; and (3) whether the ground for petitioner's deportability is one of the grounds enumerated by the statute. *Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000).

Petitioner is an alien. He is deportable under § 241(a)(2)(A)(iii) because of his conviction in Arizona state court of possession for sale of marijuana, aggravated felony. He is also deportable pursuant to § 241(a)(2)(B)(i) because of his conviction of an offense relating to a controlled substance. Because each of these two grounds is independently sufficient to render petitioner deportable under

§ 309(c)(4)(G), we may not exercise jurisdiction over petitioner's claim.

**DISMISSED.**