**UNITED STATES of America,**
**Plaintiff/Appellee,**

v.

**Saul ORDAZ–CHAVEZ,**
**Defendant/Appellant.**

No. 05–10485.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 1, 2006.

Robert Don Gifford, II, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Cynthia S. Hahn, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: SILER,* BERZON, and BYBEE, Circuit Judges.

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

## MEMORANDUM **

Appellant Saul Ordaz–Chavez pled guilty to violating 8 U.S.C. § 1326(a), which prohibits reentry by a deported alien. The district court sentenced him to forty-one months in custody and three years of supervised release. Ordaz–Chavez appeals his sentence. We vacate his sentence and remand to the district court for resentencing.

At sentencing, the district court followed the recommendation of the probation department's presentence report ("PSR") that, pursuant to United States Sentencing Guidelines § 2L1.2(b)(1)(C), Ordaz–Chavez's offense level be enhanced eight levels on the basis of a prior aggravated felony conviction. The PSR based the recommended enhancement on Ordaz–Chavez's April 1991 conviction for commercial burglary in the second degree, in violation of California Penal Code section 459.

At sentencing, Ordaz–Chavez argued, and the court agreed, that violations of California Penal Code section 459 are not aggravated felonies under the categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See Ye v. INS,* 214 F.3d 1128, 1132–33 (9th Cir.2000) (holding that violations of section 459 are not aggravated felonies under the categorical approach). Nevertheless, the court enhanced Ordaz–Chavez's offense level by eight levels. The government concedes that, if the commercial burglary conviction were the basis for the sentencing enhancement, the enhancement would be in error. The government argues, however, that the district court could have used a different conviction to support the enhancement.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Our own review of the sentencing transcript suggests that the district court's basis for the eight-level enhancement is not clear. During sentencing, the parties and the court referred to several paragraphs of the PSR, which listed Ordaz–Chavez's felony convictions. Amid the confusion regarding which convictions may or may not form the basis for an aggravated felony enhancement, the district court requested supplemental conviction documentation, although it is unclear for which conviction the court sought additional doc-umentation. In the end, we cannot discern the basis for the court's sentence. We therefore vacate the sentence and remand the matter for re-sentencing.

The sentence is VACATED and the matter is REMANDED.