**Nikolay N. BONDARENKO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74644.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Oct. 23, 2006.

Nikolay N. Bondarenko, Eloy, AZ, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, M. Jocelyn Lopez Wright, Esq., Kristin K. Edison, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, W. FLETCHER, and TALLMAN, Circuit Judges.

**MEMORANDUM** *

 Nikolay N. Bondarenko petitions for review of the Board of Immigration

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

Appeals' dismissal of his appeal from an Immigration Judge's decision ordering him removed. Using the modified categorical approach, *see Li v. Ashcroft,* 389 F.3d 892, 895–96 (9th Cir.2004), and considering the Criminal Information, which was incorporated by reference in the Memorandum of Plea Agreement, *see United States v. Hernandez–Hernandez,* 431 F.3d 1212, 1217–18 (9th Cir.2005) (holding that courts may consider a plea agreement and other documents contained in the record of conviction when applying the modified categorical approach), it is apparent that Bondarenko used violent force when he committed battery upon the police officer. Thus, the record of conviction establishes that Bondarenko's conviction for Battery Upon a Police Officer under Nevada Revised Statute § 200.481 constitutes a crime of violence pursuant to 18 U.S.C. § 16(a). *See Ye v. INS,* 214 F.3d 1128, 1133 (9th Cir.2000) (holding that the "force necessary to constitute a crime of violence must actually be violent in nature" (quotation and alteration omitted)). Accordingly, Bondarenko was convicted of an aggravated felony under INA § 101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F), and we lack jurisdiction over his appeal. *See* 8 U.S.C. § 1252(a)(2)(C).

PETITION DISMISSED.