**YOON SOK HONG, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72427.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed March 3, 2009.

Amjad Khan, Esquire, Latham & Watkins, LLP, Playa Del Rey, CA, Aaron G. Murphy, Esquire, Latham & Watkins, LLP, Los Angeles, CA, for Petitioner.

Yoon Sok Hong, Los Angeles, CA, pro se.

AZP–District Director, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Jeffrey J. Bernstein, Esquire, Oil, Surell Brady, Esquire, Trial, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: HUG, PREGERSON, and CLIFTON, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Yoon Suk Hong petitions for review of the IJ's finding, affirmed by the BIA, that his conviction for grand theft was an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(G) that rendered him removable. We deny the petition.

We review the question of whether a state statutory crime constitutes an aggravated felony de novo. *See Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000). A conviction under California Penal Code § 487(a) is not a categorical theft offense as defined in 8 U.S.C. § 1101(a)(43)(G), because a person can be convicted for the theft of services under California Penal Code § 487(a), while the generic definition of a theft offense does not include the theft of services. *Cf. United States v. Corona–Sanchez*, 291 F.3d 1201, 1208 (9th Cir.2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2 cmt. n. 4 (2002). While a person also can be convicted under California Penal Code § 487(a) under an "aiding and abetting" theory of liability, *see People v. Guzman*, 45 Cal.App.4th 1023, 53 Cal. Rptr.2d 67, 69 (1996), the Supreme Court determined that the term "theft offense" in 8 U.S.C. § 1101(a)(43)(G) includes the crime of "aiding and abetting" a theft offense. *See Gonzales v. Duenas–Alvarez*, 549 U.S. 183, 185, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007).

Under a modified categorical analysis, the record of conviction establishes that Hong's conviction falls within the generic definition of a "theft offense," even though California Penal Code § 487(a) is overly inclusive. Hong admitted in his plea that he stole money, not services. Thus, Hong's record of conviction does establish

that his conviction falls within the generic definition of a "theft offense."

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

