**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>VANNY CARLO JOYA-ZELAYA,<br><br>        Petitioner - Appellant,<br><br>   v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>        Respondent - Appellee.</td><td>No. 04-72378<br><br>Agency No. A36-331-098<br><br>MEMORANDUM[*]</td></tr>
</table>

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 13, 2008
Submission Vacated May 15, 2008
Resubmitted August 31, 2011
Pasadena, California

Before: SILVERMAN, BERZON, Circuit Judges, and BENITEZ,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Vanny Carlo Joya-Zelaya, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' affirmance of an immigration judge's order finding Joya-Zelaya removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) as an alien convicted of an aggravated felony. We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a conviction constitutes an aggravated felony. *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000).

To determine if Joya-Zelaya's conviction qualifies as a burglary conviction under 8 U.S.C. § 1101(a)(43)(G), we use the approach outlined in *Taylor v. United States*, 495 U.S. 575 (1990). Joya-Zelaya's conviction does not categorically support his removability for burglary under § 1101(a)(43)(G). California Penal Code sections 459 and 460 are "categorically broader than generic burglary." *United States v. Aguila-Montes de Oca*, __ F.3d __, 2011 WL 3506442, at *25 (9th Cir. Aug. 11, 2011).

When "we determine that the statute under which a defendant or alien was previously convicted is categorically broader than the generic offense, we may apply the modified categorical approach." *Aguila-Montes de Oca*, 2011 WL 3506442, at *21. Joya-Zelaya's plea to "wilfully and unlawfully enter[ing] a commercial building occupied by Circuit City with the intent to commit larceny or any felony in violation of [California] Penal Code section 460(b)," second degree

burglary as defined by California Penal Code section 459, does not demonstrate that his "conviction necessarily rested on facts satisfying the elements" of generic burglary. *Id.* at *26.

For the foregoing reasons, Joya Zelaya's conviction is not an aggravated felony under § 1101(a)(43)(G).

**PETITION FOR REVIEW GRANTED.**