**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

No. 18-1326

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

MARIUSZ DANIEL MARCINKOWSKI,

Petitioner

v.

ATTORNEY GENERAL
UNITED STATES OF AMERICA,

Respondent

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A029-046-323)
Immigration Judge: Kuyomars Q. Golparvar

‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗

Submitted under Third Circuit LAR 34.1(a)
on January 24, 2019

Before: JORDAN, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 12, 2019)

—————————

OPINION[*]

—————————

PER CURIAM

This case requires us to decide whether we have jurisdiction to review the Board of Immigration Appeals' (BIA) determination that Petitioner Mariusz Daniel Marcinkowski was convicted of a particular controlled substance offense under state law. However, because courts of appeals do not have jurisdiction to review final orders of removal against aliens who have been convicted of controlled substance offenses,[1] our review is limited to confirming that the crime of conviction was indeed a controlled substance offense. We conclude here that Marcinkowski's crime of conviction was such an offense. We will therefore deny his petition for lack of jurisdiction.

**I**

Marcinkowski is a citizen of Poland and a lawful permanent resident of the United States. In December 2005, he was charged in Bucks County Criminal Court with three counts: Count One, possession of a controlled substance (cocaine) with intent to deliver and/or manufacture in violation of 35 Pa. Stat. § 780-113(a)(30); Count Two, possession of a controlled substance (cocaine) in violation of 35 Pa. Stat. § 780-113(a)(16); and Count Three, use or possession of drug paraphernalia in violation of 35 Pa. Stat. § 780-113(a)(32).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] 8 U.S.C. § 1252(a)(2)(C).

Marcinkowski does not contest that in January 2006 he was convicted of one of those three counts, but he argues that the record does not reveal which one. The documents related to his criminal record include an Information, a "Leave to Submit" form, and two "Criminal Court Sheets." The Information lists the three counts, and the Leave to Submit indicates that he pleaded guilty on January 31, 2006. The first Criminal Court Sheet states that sentencing was deferred in order to allow Marcinkowski to bring in witnesses. The second Criminal Court Sheet is dated March 17, 2006, and shows that Marcinkowski was sentenced to prison for at least one year but not more than two years. A handwritten notation appears just above the sentence, indicating "CT #1."[2] At the bottom of the page, another handwritten notation reads "NFP remaining counts."[3]

The Department of Homeland Security (DHS) opened immigration proceedings in March 2017 and charged Marcinkowski as removable under section 237(a)(2)(A)(iii) and (B)(i) of the Immigration and Nationality Act (INA),[4] which provide for the removal of an alien who is convicted of an aggravated felony or a crime relating to a controlled substance. Marcinkowski moved to terminate his immigration proceedings on the ground that he was not convicted of a removable crime. An immigration judge denied his motion on May 31, 2017, finding that DHS had met its burden of proving by clear and convincing evidence that Marcinkowski had been convicted of Count One.[5] The

---

[2] Admin. Record (A.R.) 187.
[3] *Id.*
[4] 8 U.S.C. § 1227(a)(2)(A)(iii), (B)(i).
[5] *See id.* § 1229a(c)(3)(A).

3

immigration court entered an order of removal on August 16, 2017.[6]  Marcinkowski

sought review before the BIA, which dismissed his petition, finding "no clear error" in

the IJ's finding with respect to the "factual question" of the "identity of the respondent's

statute of conviction."[7]  He timely appealed.

## II

We must first establish our jurisdiction over Marcinkowski's appeal.[8]  He raises

only one issue:  whether the BIA erred in holding, on the basis of the documents related

to his criminal record described above, that the IJ correctly found that he was convicted

of Count One.  He does not challenge the BIA's conclusion that 35 Pa. Stat. § 780-

113(a)(30)—the violation of which is charged in Count One—qualifies as a controlled

substance offense that would render him removable, if indeed he were convicted of

violating that provision.

Because of a jurisdiction-stripping statute, the Courts of Appeals do not have

jurisdiction to review final orders of removal against aliens who are removable for having

---

[6] At an August 7, 2017, hearing, DHS submitted a docket sheet from the Court of Common Pleas of Bucks County indicating that Marcinkowski pleaded guilty to all three counts, was sentenced to a prison term of at least one and not more than two years on Count One, and received "No Further Penalty" on Counts Two and Three.  A.R. 126. The IJ admitted this docket sheet for identification purposes only.  While the IJ relied, at least in part, on the docket sheet in "go[ing] forward and issu[ing] an order of removal," A.R. 115, we confine our review to the documents the BIA considered when issuing its own opinion, which do not include the docket sheet.
[7] A.R. 4.
[8] The government argued in its motion opposing a stay that we do not have jurisdiction. Although it has abandoned this argument, we must independently satisfy ourselves that we have jurisdiction. *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76–77 (3d Cir. 2003).

4

been convicted of a controlled substance offense.[9]  Nevertheless, for two reasons, we do have jurisdiction over the narrow issue presented by Marcinkowski's appeal—whether or not he was convicted on Count One.  First, we have long held that "we have jurisdiction to determine whether the necessary jurisdiction-stripping facts are present in a particular case."[10]  Here, the "jurisdiction-stripping fact" would be Marcinkowski's conviction of an enumerated offense rendering him removable.  This inquiry necessarily includes both a factual component (the determination of the offense) and a legal component (whether it qualifies as an enumerated offense), and it is of no moment that Marcinkowski only challenges the first of these.  Second, following the passage of the REAL ID Act of 2005,[11] the INA's jurisdiction-stripping provision does not preclude our review of questions of law.[12]  Because our threshold jurisdiction is a legal question,[13] our jurisdiction is authorized by the statute.  We therefore have jurisdiction to review Marcinkowski's argument that he was not convicted on Count One.[14]

---

[9] 8 U.S.C. § 1252(a)(2)(C).

[10] *Borrome v. Attorney Gen. of the U.S.*, 687 F.3d 150, 154 (3d Cir. 2012); *see also Drakes v. Zimski*, 240 F.3d 246, 247 (3d Cir. 2001).

[11] Pub. L. No. 109-13, div. B, § 106(a), 119 Stat. 302, 310 (codified at 8 U.S.C. § 1252).

[12] 8 U.S.C. § 1252(a)(2)(D).

[13] *E.g.*, *Byrd v. Corestates Bank, N.A.* (*In re Corestates Tr. Fee Litig.*), 39 F.3d 61, 63 (3d Cir. 1994) ("The existence *vel non* of subject matter jurisdiction is a legal issue over which we exercise plenary review.").

[14] *See Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000) ("[B]ecause we have jurisdiction to determine our own jurisdiction, the jurisdictional question and the merits collapse into one." (internal citation omitted)).

## III

Having determined that we have jurisdiction, we would turn in the normal course to our standard of review,[15] which Marcinkowski says should be *de novo* but which the government argues should be for "substantial evidence." We need not resolve whether *de novo* or substantial evidence review is called for, however, because even assuming that we apply *de novo* review, Marcinkowski cannot prevail on this record.[16]

---

[15] As the BIA issued its own opinion based on the record before it, we review its decision and not the IJ's. *See Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001) ("[T]he 'final order' we review is that of the BIA.").

[16] Judge Roth does not agree that the substantial evidence standard could apply here. The following sets forth her views:

> The substantial evidence standard is not relevant to this situation. I would not wish to imply that it might be. If the substantial evidence standard were to be applied by the BIA or by other courts in future opinions in this area, there are many potential problems. For example, if the BIA again applied the substantial evidence standard to determine its own jurisdiction, our review would be more difficult. Indeed, I am of the opinion that jurisdiction is a legal issue to be determined by the courts, not a factual issue to be determined by an administrative body.
>
> Moreover, exercising *de novo* review over the determination of the crime of conviction aligns with the use of the same standard at the legal inquiry stage when determining whether the conviction constitutes a controlled substance offense, or, in other cases, whether an alien's crime of conviction is an aggravated felony. The *de novo* standard is used at that stage of the inquiry because the question of whether an alien's crime of conviction constitutes an enumerated offense is "a purely legal question that governs the appellate court's jurisdiction." *Singh v. Attorney Gen. of the U.S.*, 839 F.3d 273, 282 (3d Cir. 2016) (quoting *Restrepo v. Attorney Gen. of the U.S.*, 617 F.3d 787, 790 (3d Cir. 2010)). From a practical standpoint, it would be difficult to separate the review of the fact of conviction from the legal inquiry of whether its elements constitute an enumerated offense. Using two different standards, one to determine the statute of conviction and another to determine if it is an enumerated offense, would needlessly introduce confusion and inconsistency into an already complicated analytical framework. I believe that our interest in avoiding such confusion and inconsistency is sufficiently compelling to require the use of *de novo* review here.

To determine whether Marcinkowski was convicted of Count One, section 240(c)(3)(B) of the INA authorizes us to consider "[a]ny document or record prepared by, or under the direction of, the court in which the conviction was entered that indicates the existence of a conviction" and other similar documents, which "shall constitute proof of a criminal conviction."[17]  Doing so, we conclude that Marcinkowski was convicted of Count I.  The Information, signed by the District Attorney, combined with the second Criminal Court Sheet, signed by the judge, unambiguously demonstrates that Marcinkowski pleaded guilty to Count One in January 2006.  Thus, the BIA's ultimate conclusion was sound:  The notation "CT #1" was "probative evidence" that Marcinkowski was sentenced on Count One, particularly considering that Count One was the only count that, on its own, could have resulted in the sentence that Marcinkowski received.[18]

---

[17] 8 U.S.C. § 1229a(c)(3)(B); *see* 8 C.F.R. § 1003.41; *see also Ali v. Mukasey*, 521 F.3d 737, 742 (7th Cir. 2008) ("[Section 1229a(c)(3)(B)] is similar to the approach of *Taylor* and *Shepard*, but to the extent of any difference the statute must control."); *cf. Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 879 (9th Cir. 2003) (where petitioner contested "whether he was convicted at all" because of a discrepancy in court documentation following a merger of superior and municipal courts in California, the court should "investigate the alleged underlying conviction *as thoroughly as is necessary* to ascertain whether the jurisdictional bar applies" (emphasis added)).

[18] A.R. 4.  Count One, possession of a controlled substance with intent to deliver and/or manufacture in violation of section 780-113(a)(30), permits a maximum sentence of ten years' imprisonment.  35 Pa. Stat. § 780-113(f)(1.1).  Counts Two, possession in violation of section 780-113(a)(16), and Three, possession of paraphernalia in violation of section 780-113(a)(32), both permit a maximum sentence of one year's imprisonment. *Id.* § 780-113(b), (i).

**IV**

Because we conclude that Marcinkowski was convicted of a crime related to a controlled substance,[19] we lack jurisdiction to hear his appeal.[20]  We therefore will dismiss his petition for review.

---

[19] 8 U.S.C. § 1227(a)(2)(B)(i).
[20] *Id.* § 1252(a)(2)(C).