Eliceo **HERNANDEZ–MARTINEZ,**
**Petitioner,**

v.

John **ASHCROFT, Attorney**
**General, Respondent.**

Nos. 02–70048, INS No. A92–440–540.

United States Court of Appeals,
Ninth Circuit.

Sept. 11, 2003.

---

---

Judy Flanagan, Phoenix, AZ, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Immigration & Naturalization Service, Phoenix, AZ, Anh–Thu P. Mai, Office of Immigration Litigation, Civil Division, Washington, DC, Shelly R. Goad, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Ben Franklin, Washington, DC, for Respondent.

Before: NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

### ORDER

John Ashcroft, Attorney General of the United States, petitions for rehearing by the panel, asking the panel to "clarify its decision and specifically remand the case to the Board to determine under which statutory subsection of the Arizona statute Hernandez–Martinez was convicted and whether a conviction under that subsection subjects him to remand." In support of this request, Ashcroft cites to the Administrative Record.

We have accordingly examined the portions of the A.R. cited. The first, pages 73–74, sets out the admission of Hernandez that he has received the charging document of the service and that he admits removability for being present without admission. The charging document of the service at A.R. 298 is itself referenced. The next citation is to A.R. 95–110. Pages 95–101 are the record of his sentencing to probation by the Superior Court of Maricopa County, Arizona for the offense stated in our opinion. Pages 102–110 contain the Presentence Report in that case.

In several cases cited by Ashcroft we have noted the documents that the Board of Immigration Appeals is free to consider in determining whether a conviction under a divisible statute constitutes an aggravated felony. The documents include the state charging document, a signed plea agreement, jury instructions, guilty pleas, transcripts of a plea proceeding and the judgment. *Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 888 (9th Cir. 2003). We have specifically held that a Presentence Report is insufficient evidence. *United States v. Corona–Sanchez,* 291 F.3d 1201, 1212 (9th Cir.2002) (en banc). Four days after *Corona–Sanchez* was filed, an opinion of this court was filed permitting use of a Presentence Report *Abreu–Reyes v. INS,* 292 F.3d 1029, 1032 (9th Cir.2002). The opinion failed to take note of the en banc decision and was pretty clearly drafted and sent to the printer before *Corona–Sanchez* came down. The opinion was not withdrawn or modified, providing what was delicately called "noticeable tension in our recent caselaw." *Chang v. INS,* 307 F.3d 1185, 1191 (9th Cir.2002). That tension has been resolved by the enumeration in *Huerta–Guevara,* 321 F.3d at 888 of the usable documents along with the explicit repetition of the rule of *Corona–Sanchez* that a Presentence Report is insufficient.

The only portion of the A.R. that supports Ashcroft's petition for rehearing is the Presentence Report at A.R. 102–110. The Presentence Report was not men-

tioned by the Board of Immigration Appeals in its decision. The Presentence Report was not mentioned by Ashcroft in the brief he filed responding to the petitioner in this case. To seek rehearing on a basis not used by the Board or brought to this court's attention on appeal is unusual and irregular. *Huerta–Guevara*, ruling out the Presentence Report as sufficient evidence of facts of a divisible offense, is known to Ashcroft as it is cited by him in his petition for rehearing. His petition asks us to depart from binding circuit precedent. He makes no request to refer the question to a new en banc court. Accordingly, the Petition for Rehearing is DENIED.