**Rafael LARA–CHACON, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–70317.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 2003.

Filed Oct. 10, 2003.

As Amended Nov. 6, 2003.

Bertram Polis, Polis & Sadacca, Tucson, Arizona, for the petitioner.

Papu Sandhu, Civil Division, U.S. Department of Justice, Washington, D.C., for the respondent.

Before: NOONAN, TASHIMA, and WARDLAW, Circuit Judges.

TASHIMA, Circuit Judge.

Rafael Lara–Chacon ("Petitioner" or "Lara Chacon"), a native and citizen of Mexico, petitions for review of the decision of the Board of Immigration Appeals ("BIA"), dismissing his appeal of the immigration judge's ("IJ's") order finding Lara–Chacon removable for having been convicted of an aggravated felony and for having been convicted of violating a law related to a controlled substance. We grant the petition, vacate the order and remand.

## BACKGROUND

Petitioner was admitted to the United States in 1970 as an immigrant. In 1999, he was convicted, based on a guilty plea, of five counts of conspiracy to commit money laundering in violation of Ariz.Rev.Stat. §§ 13–1003, 13–2317(A)(1) and (C), and was sentenced to three and one-half years' imprisonment. As a result of these convictions, the Immigration and Naturalization Service ("INS") charged Petitioner with being subject to removal for being an alien convicted of an aggravated felony under the Immigration and Nationality Act ("INA"), § 237(a)(2)(A)(iii).[1]

The INS initially charged Lara Chacon with removability based on money laundering in excess of $10,000, which is defined as an aggravated felony in INA § 101(a)(43)(D).[2] In two subsequent amendments to the charging document, the INS added charges of removability based on illicit trafficking in a controlled substance, INA § 101(a)(43)(B),[3] an aggravated felony, and controlled substance violation, INA § 237(A)(2)(B)(i).[4]

After several continuances of his merits hearing, Petitioner admitted that he was a

---

1. This section provides:

    Any alien who is convicted of an aggravated felony at any time after admission is deportable.

    8 U.S.C. § 1227(a)(iii).

2. This section includes "an offense described in section 1956 of Title 18 (relating to laundering of monetary instruments) or section 1957 of that title (relating to engaging in monetary transactions in property derived from specific unlawful activity) if the amount of the funds exceeded $10,000." 8 U.S.C. § 1101(a)(43)(D).

3. This section includes as an aggravated felony "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B).

4. This section provides:

    Any alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title

citizen of Mexico. At a later hearing, Petitioner admitted to his convictions, but denied that his convictions qualified as removable offenses under the INA. The IJ construed the denial as a motion to terminate the proceedings, and gave the parties the opportunity to submit briefs and continued the hearing.

The INS attached a copy of Petitioner's Presentence Report ("PSR") to its brief. After receiving the briefs and without holding any hearing on the issue, the IJ issued an order finding Petitioner removable for having been convicted of the aggravated felony of trafficking in controlled substances and for violating a law related to a controlled substance. Based solely on information in the PSR, he concluded that Petitioner's money laundering convictions were predicated upon trafficking in marijuana, a controlled substance. The IJ cited the PSR as follows:

> [T]he Presentence Report states that the respondent was identified as a "drug broker, who put drug deals together." Consequently, other criminal cohorts would "call Lara [the petitioner] when they needed marijuana." On the basis of the foregoing, it is evident to this Court that the respondent's state felony conviction for racketeering/money laundering involved marijuana.
>
> . . . .
>
> Again the Presentence Report indicates that "Rafael Lara was identified as a

drug broker, who put drug deals together ... Defendants Carlos Taylor and David Garcia called Lara when they needed marijuana.

The IJ found that marijuana is a controlled substance under the Controlled Substance Act, and therefore that the conviction was for trafficking in an illicit controlled substance. Additionally, the IJ found Lara–Chacon removable because the conviction constituted a "violation[ ] of a law of a State *relating to* a controlled substance with the meaning of § 237(a)(2)(B)(i) of the Act." (emphasis in original). The IJ found that the exception from removability in the INA for aliens convicted only of a "single offense involving possession for one's own use of thirty grams or less of marijuana" under § 237(a)(2)(B)(i) did not apply because "respondent was a drug dealer, who dealt in large quantities of marijuana." The IJ based this conclusion on an exhibit to the PSR "indicating that respondent's cohorts were found transporting *15 pounds* of marijuana." (emphasis in the original).

The IJ dismissed the charge for the aggravated felony of money laundering because there was no showing of the amount of funds that was laundered.

Petitioner appealed to the BIA, which dismissed his appeal. The BIA rejected Petitioner's challenge to the use of the PSR, finding it admissible under 8 C.F.R. § 3.41(a)(6) and § 3.41(d).[5] The BIA not-

---

21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable.
8 U.S.C. § 1227(a)(2)(B)(i).

**5.** These sections provide that the following documents are admissible as evidence of a criminal conviction in any proceeding before an IJ:

(1) A record of judgment and conviction;
(2) A record of plea, verdict and sentence;
(3) A docket entry from court records that indicates the existence of a conviction;

(4) Minutes of a court proceeding or a transcript of a hearing that indicates the existence of a conviction;
(5) An abstract of a record of conviction prepared by the court in which the conviction was entered, or by a state official associated with the state's repository of criminal justice records, that indicates the following: The charge or section of law violated, the disposition of the case, the existence and date of conviction, and the sentence;
(6) Any document or record prepared by, or under the direction of, the court in

ed the parts of the PSR that referred to Lara–Chacon as a " 'drug dealer, who put drug deals together' " and to the fact that his "criminal cohorts would' call Lara [the petitioner] when they needed marijuana.' " Additionally, the BIA noted that the PSR indicated that the conviction involved the transportation of 15 pounds of marijuana. The BIA found that because marijuana is a controlled substance, the conviction constituted trafficking in a controlled substance, an aggravated felony under INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). Additionally, the BIA agreed with the IJ's reasoning for the second charge of removability under § 1227(a)(2)(B)(i) (conviction relating to a controlled substance). The BIA also agreed with the IJ's dismissal of the money laundering charge.

## STANDARD OF REVIEW

■ We review *de novo* the question of whether a conviction under state law is a deportable offense. *See Coronado–Durazo v. INS*, 123 F.3d 1322, 1324 (9th Cir. 1997). While the BIA's interpretation of immigration laws is entitled to deference, *see INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–25, 119 S.Ct. 1439, 143 L.Ed.2d 590 (1999), we are not obligated to accept an interpretation that is contrary to the plain and sensible meaning of the statute. *See Beltran–Tirado v. INS*, 213 F.3d 1179, 1185 (9th Cir.2000).

## ANALYSIS

### I. Jurisdiction

■ Respondent challenges our jurisdiction to hear this case. Pursuant to the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), if the BIA correctly concluded that Lara Chacon was convicted of an aggravated felony, the court lacks jurisdiction to review the removal decision. *See* 8 U.S.C. § 1252(a)(2)(C). However, because we retain jurisdiction to determine our own jurisdiction by assessing whether the conviction was indeed for an aggravated felony, "the jurisdictional question and the merits collapse into one." *Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir.2000). Because we conclude that the record does not demonstrate that Lara–Chacon was convicted of a removable offense, we retain jurisdiction.

### II. Removability

Because the initial basis charged for removing Lara–Chacon (money laundering) was insufficient,[6] the INS attempted to stretch two provisions to Lara–Chacon's conviction in order to establish it as a removable offense by adding charges of removability based on the aggravated felonies of drug trafficking and a controlled substance violation. The record, however, does not establish that Lara–Chacon was convicted of these offenses.

■ To determine whether an offense qualifies as an aggravated felony, we first make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by the statute of conviction is broader than, and so does not categorically fall within, this generic definition. *See Chang v. INS*, 307 F.3d 1185, 1189 (9th Cir.2002). For this purpose we " 'look only to the fact of conviction and the statutory definition of the prior of-

which the conviction was entered that indicates the existence of a conviction.

. . . .

(d) Any other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof.

8 C.F.R. § 3.41(a)(6) and § 3.41(d).

6. His state money laundering conviction did not qualify as an aggravated felony because the record did not show that it met the $10,000 statutory minimum. *See* 8 U.S.C. § 1101(a)(43)(D).

fense.'" *United States v. Corona–Sanchez,* 291 F.3d 1201, 1203 (9th Cir.2002) (en banc) (quoting *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). *Taylor* also permits us "to go beyond the mere fact of conviction in a narrow range of cases." 495 U.S. at 602, 110 S.Ct. 2143. In cases where a state statute criminalizes both conduct that does and does not qualify as an aggravated felony, we review the conviction using a modified categorical approach. "Under the modified categorical approach, we conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially overinclusive." *Chang,* 307 F.3d at 1189. In *Corona–Sanchez,* we explained what documents are adequate to provide evidence of the elements of the conviction:

> [I]n the case of a jury trial, the charging document and jury instructions from the prior offense may demonstrate that the "jury was actually required to find all the elements" of the generic crime. Similarly, if a defendant enters a guilty plea, the sentencing court may consider the charging documents in conjunction with the plea agreement, the transcript of a plea proceeding, or the judgment to determine whether the defendant pled guilty to the elements of the generic crime. Charging papers alone are never sufficient. However, charging papers may be considered in combination with a signed plea agreement.

291 F.3d at 1211 (internal citations omitted).

### A. Drug Trafficking

■ The BIA affirmed the IJ's finding that Lara–Chacon's conviction for conspiracy to commit money laundering constituted the aggravated felony of trafficking in a controlled substance under 8 U.S.C. § 1101(a)(43)(B). This provision defines an aggravated felony as the "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18)." 8 U.S.C. § 1101(a)(43)(B). In turn, 18 U.S.C. § 924(c)(2) defines a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)." Lara–Chacon's conviction under the Arizona racketeering statute is not a "drug trafficking crime" because his crime is not "punishable under the Controlled Substances Act."

In assessing whether a crime is a drug trafficking crime, we consider categorically whether the "full range of conduct" encompassed by the statute of conviction is punishable by the Controlled Substances Act. *United States v. Rivera–Sanchez,* 247 F.3d 905, 907–09 (9th Cir.2001) (en banc). The money laundering statute under which Lara–Chacon was convicted penalizes many different types of racketeering that are not punishable by the Controlled Substances Act, which makes it illegal to "use or invest, directly or indirectly, any part of such income[derived from committing any prohibited drug offense punishable by more than one year], or the proceeds of such income." *See* 21 U.S.C. § 854. The Arizona statute under which Lara Chacon was convicted defines money laundering as follows: "A person is guilty of money laundering in the second degree who: 1. Acquires or maintains an interest in, transacts, transfers, transports, receives or conceals the existence or nature of racketeering proceeds knowing or having reason to know that they are the proceeds of an offense." Ariz.Rev.Stat. § 13–2317(A)(1) (West 1999). In addition to acts for financial gain "involving ... prohibited drugs, marijuana, or other pro-

hibited chemicals or substances," racketeering under Arizona law includes acts involving theft, asserting false claims, obscenity, a scheme or artifice to defraud, prostitution, terrorism, drug crimes punishable for less than one year, and counterfeiting, among others. Ariz.Rev.Stat. § 13–2301(D)(4) (West 1999). Thus, the "full range of conduct" encompassed by the Arizona statute is not punishable by the Controlled Substances Act, which, for example, does not address terrorism, prostitution, theft, drug crimes punishable for less than a year, or obscenity. We therefore turn to the modified categorical approach.

According to this approach, we look to other "judicially noticeable facts" in the record to determine whether the conduct for which Lara–Chacon was convicted is actually an aggravated felony. *Rivera–Sanchez,* 247 F.3d at 909. The IJ and BIA concluded that Lara Chacon's conviction constituted drug trafficking based solely on the information in the PSR. Lara–Chacon argues that the IJ and BIA erred by relying solely on the PSR to determine that he had committed an aggravated felony. We agree.

As we explained in *Corona–Sanchez,* "the idea of the modified categorical approach is to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." 291 F.3d at 1210. Sitting en banc, we found that a PSR alone was insufficient to establish an aggravated felony under 8 U.S.C. § 1101(a)(43)(G). Under the modified categorical approach, a PSR alone does not "unequivocally establish" the elements of a conviction where the statute of conviction is not a categorical match. *Id.* at 1212 ("[A] presentence report reciting the facts of the crime is insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a

crime when the statute of conviction is broader than the generic definition."). Subsequent cases have reiterated our position in the context of a removal proceeding and sentence enhancements. *See Huerta–Guevara v. Ashcroft,* 321 F.3d 883, 888 (9th Cir.2003) (reasoning that the description of a crime in alien's brief to the BIA may not be sufficient to establish the elements to which the alien pled guilty because the description of facts is similar to that in a PSR "which we have held is 'insufficient evidence to establish that the defendant pled guilty to the elements of the generic definition of a crime when the state of conviction is broader than the generic definition'" (quoting *Corona–Sanchez,* 291 F.3d at 1212)); *United States v. Chavaria–Angel,* 323 F.3d 1172, 1176 (9th Cir.2003) (rejecting the argument that certified records are required to prove a prior conviction but noting that "[t]o be sure, in this circuit, district courts may not rely exclusively on the charging documents or the presentence report as evidence of a prior conviction"); *United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir. 2003) (holding that district court's sole reliance on the factual description of alien's prior offense in a PSR to find that the offense qualified as a crime of violence under modified categorical approach for sentence enhancement in illegal reentry case was plain error).

In *Taylor,* the Supreme Court warned of the practical difficulties and potential unfairness of relying on the defendant's conduct to prove the nature of his conviction. The Court indicated that such an approach was permitted only in a "narrow range of cases in which the jury actually found the elements of the crime." 495 U.S. at 601, 110 S.Ct. 2143. The Court specifically warned of the potential for unfairness in the plea context. *Id.* at 601–02, 110 S.Ct. 2143 ("[I]n cases where the defendant pleaded guilty, there often is no record of

the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary."). Thus, although we may "look to the charging paper and judgment of conviction to determine if the actual offense the defendant was convicted of qualifies as a crime of violence, we do not, however, look to the particular facts underlying the conviction." *Ye*, 214 F.3d at 1132. Respondent would have us look to evidence of Petitioner's conduct, rather than the elements of his conviction as found by a trier of fact. The modified categorical approach cannot by extended in such a manner.[7] We conclude that the BIA erred by relying solely on the PSR to demonstrate the elements of Lara Chacon's conviction.[8] Because the record does not otherwise demonstrate that Lara–Chacon was convicted of drug trafficking, we conclude that the BIA erred in affirming the IJ's decision as to this issue.[9]

## B. Controlled Substance Violation

■ The BIA also affirmed the IJ's finding that Lara–Chacon was also removable for being convicted of violating a law "relating to a controlled substance" under 8 U.S.C. § 1227(a)(2)(B)(i). Lara–Chacon was convicted of violating a statute that punishes activities relating to "racketeering proceeds." Ariz.Rev.Stat. § 13–2317. This statute does not mention controlled substances, but does refer to the definition of racketeering proceeds contained in Ariz. Rev.Stat. § 13–2301(D)(4), which, as discussed above, refers to proceeds derived from many sources, including "prohibited drugs." *Id.*

Although the "relating to" language in § 1227(a)(2)(B)(i) is construed broadly, *Luu–Le v. INS*, 224 F.3d 911, 915 (9th Cir.2000), we have recognized that there are limits. *Id.* at 916. For example, in *Coronado–Durazo*, we refused to find that "solicitation to possess cocaine" was "a violation of ... [a] law ... relating to a controlled substance" because to do so would render meaningless statutory language limiting convictions for generic crimes that may result in deportation to conspiracy and attempt. 123 F.3d at 1322–25. We also indicated that "Arizona courts have explicitly held that solicitation, a preparatory offense, is a separate and distinct offense from the underlying crime because it requires a different mental state and different acts." *Id.* at 1325. In *Ley-*

---

**7.** Respondent's reliance on *Abreu–Reyes v. INS*, 292 F.3d 1029 (9th Cir.2002), is misplaced. *Abreu–Reyes* did not employ the modified categorical approach, and therefore does not diminish *Corona–Sanchez's* holding. More importantly, in *Hernandez–Martinez v. Ashcroft*, 343 F.3d 1075, 2003 WL 22097860 (9th Cir. Sept.11, 2003), we held that the en banc "rule of *Corona–Sanchez* that a Presentence Report is insufficient," is "binding circuit precedent," *i.e.*, the law of the circuit.

**8.** In light of our holding that the BIA's reliance on the PSR was error, we do not reach Petitioner's contention that the PSR was inadmissible hearsay.

**9.** Petitioner also argues that because 8 U.S.C. § 1101(a)(43)(D) specifically indicates that money laundering is only to be considered an aggravated felony when the amount in question exceeds $10,000, his Arizona conviction for money laundering cannot be construed as a different crime to get around this requirement. He argues that to do so would render the $10,000 requirement superfluous. He cites the general rule that statutes are to be read in a manner that avoids rendering statutory provisions "inconsistent, meaningless, or superfluous." *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir.1991). The additional removability charges were for separate offenses. If the judgment squarely demonstrated that Lara–Chacon had been convicted of both money laundering and an underlying drug trafficking conviction, we would have no difficulty finding a match.

*va–Licea v. INS*, 187 F.3d 1147 (9th Cir. 1999), we reaffirmed our ruling in *Coronado–Durazo* that "Arizona's generic solicitation statute is not a law 'relating to a controlled substance' and that violation of that law is not a deportable offense under § 241(a)(2)(B)(i) of the INA, even when the underlying solicited conduct is a narcotics violation." *Id.* at 1149 (citation omitted).

The BIA has also recognized limits on the "relating to" language when the statute of conviction does not explicitly concern controlled substances. *See Matter of Carrillo*, 16 I. & N. Dec. 625, 626, 1978 WL 36458 (BIA 1978) ("[W]hen a criminal statute 'does not by its language indicate [that] it was contemplated to be a "narcotic law",' and historically has constituted a 'criminal offense separate and distinct from the[underlying] felony,' such a statute is not a 'law relating to ... narcotic drugs ....'" (emendations in the original) (citation omitted)); *See also Matter of Batista–Hernandez*, 21 I. & N. Dec. 955, 960, 1997 WL 398681 (BIA 1997) (refusing to find conviction as an accessory after the fact for assisting a drug trafficker to be a conviction related to drugs because "the crime of accessory after the fact has historically been treated as a crime separate and apart from the underlying crime," because the severity of the punishment differed from the offender and because the conviction was not for an inchoate crime that takes its character and quality from the underlying crime).

In *Castaneda De Esper v. INS*, 557 F.2d 79, 83–84 (6th Cir.1977), the Sixth Circuit held that a conviction for misprision of a felony under 18 U.S.C. § 4 did not establish deportability for violating a law related to narcotics control where the alien had concealed knowledge of the commission of a conspiracy to possess heroin because the misprision statute did not indicate that it was intended to be a narcotics law and

misprision is a separate offense from the underlying offense. We cited this decision approvingly in *Luu–Le*, 224 F.3d at 916, and the BIA relied upon it in *Batista–Hernandez*, 21 I. & N. Dec. at 958.

The facts of this case exceed the limits of the "relating to" language. Arizona's money laundering offense is a distinct crime from the underlying crime and does not require proof of the underlying crime. *See State v. Harper*, 177 Ariz. 444, 868 P.2d 1027, 1029 (App.1994) (allowing concurrent sentences for money laundering and underlying theft because "[c]ontrary to defendant's assertion, money laundering does not require proof of the underlying offense of theft.... It is incidental that it is the same person who commits both offenses"). In addition, because of the breadth of the Arizona statute, Lara–Chacon's money-laundering conviction could have concerned proceeds from a number of illegal activities unrelated to controlled substances. Thus, nothing about the fact of Lara–Chacon's conviction demonstrates violation of a law related to a controlled substance.

Respondent's reliance on *Johnson v. INS*, 971 F.2d 340 (9th Cir.1992), is misplaced. In that case, we found that a conviction under the Travel Act, 18 U.S.C. § 1952, which prohibits transacting in interstate commerce with the proceeds of any "unlawful activity," was a conviction under a law "relating to" a controlled substance. Like the Arizona statute, the Travel Act refers the reader to another section to learn that the definition of "unlawful activity" includes, among many other things, "any business enterprise involving ... narcotics or controlled substances." *Johnson*, 971 F.2d at 342. The key to our ruling in that case, however, was that by its very terms the conviction incorporated the illegal drug activity. Significantly, Johnson pled guilty to an

information which charged her with "travel[ing] in interstate commerce ... with the intention of distributing the proceeds derived from the unlawful distribution of narcotics and controlled substances." *Id.* at 341. The terms of the conviction incorporated the controlled substance portion of the statute. Thus, Johnson's "conviction *was* for a crime expressly relating to controlled substances." *Id. Johnson* applies where an immigrant explicitly pleads guilty to (or the jury finds) a violation of the specific statutory provision that obviously relates to drugs. This is not the case here, where Lara Chacon's plea concerned the money laundering charge only.

The government has not cited a case in which we have looked at the underlying conduct, rather than the terms of the conviction itself to determine whether the conviction constituted a controlled substance violation. Even were we to do so, it would not be based on something as unreliable as a PSR. Lara Chacon was not convicted of violating a law related to a controlled substance.

The fact that Lara–Chacon's conviction was not for violation of a statute related to controlled substances is also supported by the difference between the purpose of the INA's provision for removing aliens convicted of crimes relating to controlled substances and the nature of the statute of conviction. The broad language of 8 U.S.C. § 1227(a)(2)(B)(i) indicates that it is directed at deporting "aliens who abuse the hospitality of the United States by committing drug related crimes." *Coronado–Durazo,* 123 F.3d at 1326. The intent here is to ensure that "aliens who have been convicted of violating laws specifically aimed at the regulation or prohibition of controlled substances are deportable." *Id.* at 1325. Arizona's racketeering statute is

not specifically aimed at regulating controlled substances.

Arizona's racketeering statute was adapted from the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and Arizona courts "look to federal decisional law for guidance in construing and applying the Arizona statute." *Baines v. Superior Court,* 142 Ariz. 145, 688 P.2d 1037, 1040 (App.1984). Congress, in turn, enacted the federal RICO statute "to remove the profit from organized crime by separating the racketeer from his dishonest gains." *Russello v. United States,* 464 U.S. 16, 28, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Obviously, these statutes were not primarily intended to effectuate Congress's desire to regulate controlled substances. *Cf. United States v. White,* 116 F.3d 903, 932 (D.C.Cir.1997) (cumulative sentence permitted because drug and RICO offenses are laws intended to deter two different kinds of activity, *i.e.,* racketeering as opposed to violating narcotics laws).

Because racketeering statutes are not intended to be a vehicle to redress aliens' controlled substance violations, the Arizona statute does not qualify as one "relating to" controlled substances. Accordingly, Arizona's racketeering statute is not a law "relating to" a controlled substance.[10]

## CONCLUSION

Based on the foregoing, we conclude that Petitioner's conviction did not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B), or a violation of a statute relating to controlled substances under 8 U.S.C. § 1227(a)(2)(B)(i). The petition for review is therefore **GRANTED**. The decision of the BIA is **REVERSED** and RE-

---

**10.** We do not reach Petitioner's additional    due process challenge.

**MANDED** for proceedings consistent with this opinion.