**Juan Manuel LARROULET, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73477.

Agency No. A24–297–872.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 16, 2004.

Decided Aug. 30, 2004.

K. Kerry Yianilos, Attorney at Law, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Alison R. Drucker, John C. Cunningham, Earle B. Wilson, Shelley R. Goad, U.S. Department of Justice, Washington, DC, for Respondent.

Before FARRIS, KOZINSKI, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Although we lack jurisdiction to review a final order of removal against an alien who is removable for having committed an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to determine whether the jurisdictional bar applies, *Randhawa v. Ashcroft*, 298 F.3d 1148, 1152 (9th Cir.2002). We review de novo the threshold issue whether a particular offense constitutes an aggravated felony. *Park v. INS*, 252 F.3d 1018, 1021 (9th Cir.2001).

Larroulet's conviction for sexual battery does not meet the generic definition of sexual abuse of a minor because the statute of conviction does not include the age of the victim as an element of the offense. *See* Cal.Penal Code § 243.4(a); *Lara-Chacon v. Ashcroft*, 345 F.3d 1148, 1151–53 (9th Cir.2003).

Moreover, although Larroulet stipulated to the facts set forth in the police report as part of his plea of no contest, the Board erred in considering the victim's age. Larroulet stipulated to only those facts necessary to support his conviction for sexual battery. Age of the victim is not an element of that offense. *See* Cal.Penal Code § 243.4(a); *People v. West*, 3 Cal.3d 595, 91 Cal.Rptr. 385, 477 P.2d 409, 420 (1970) (explaining that a defendant who pleads guilty or no contest admits the elements of the offense for which he is convicted).

The record of conviction fails to establish that Larroulet was convicted of the predicate offense of sexual abuse of a minor. It was error to conclude that Larroulet was removable as an aggravated felon pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii). *See Lara-Chacon*, 345 F.3d at 1153–54.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**PETITION GRANTED; ORDER OF REMOVAL VACATED; REMANDED.**