UNITED STATES of America,
Plaintiff–Appellee,

v.

Alan Roy SUAREZ–RUSSELL,
Defendant–Appellant.

No. 03–10657.

D.C. No. CR–01–01554–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Oct. 25, 2004.

Maria Davila, Tucson, AZ, for Plaintiff–Appellee.

Geoffrey T. Cheshire, Esq., Tucson, AZ, for Defendant–Appellant.

Before TROTT and MCKEOWN, Circuit Judges, and SHADUR,* Senior District Judge.

### MEMORANDUM **

Alan Roy Suarez–Russell ("Suarez–Russell"), an alien, seeks reversal of his conviction and his consequent sentence on a charge of reentry following removal under 8 U.S.C. § 1326(a) as enhanced by 8 U.S.C. § 1326(b)(2). As for his conviction, Suarez–Russell contends that the district court erred in failing to suppress statements he made to an Immigration and Naturalization Service ("INS") inspector. And as for his sentence, Suarez–Russell argues that a 16–level enhancement of his offense level under the Sentencing Guidelines ("Guidelines") was improper. We affirm his conviction, but we vacate his sentence and remand for resentencing.

■ First Suarez–Russell urges that the district court erred in admitting statements taken in asserted violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Though he acknowledges that he received an adequate *Miranda* warning, he says that a set of INS administrative warnings read to him after the standard *Miranda* recitation confused him so that he could no longer understand or meaningfully exercise his *Miranda* rights. On that score he points to our decision in *United States v. San Juan–Cruz*, 314 F.3d 384, 389 (9th Cir.2002), which held that when a warning inconsistent with *Miranda* is given after an adequate *Miranda* warning, the risk of confusion is such that the government has an obligation to clarify the nature of the individual's *Miranda* rights before proceeding with custodial interrogation.

But *San Juan–Cruz* does not control here because the administrative warnings that Suarez–Russell received after the standard *Miranda* warning were not inconsistent with *Miranda*. While those administrative warnings were indeed different and more particularized, they did not cast a cloud on the *Miranda* warnings that Suarez–Russell admitted having understood. Hence there was no error in the district court's admission of his statements.

■ Next Suarez–Russell contends that the district court erred at sentencing in enhancing by 16 levels his offense level under the Guidelines. To that end he argues that neither of his two prior felony convictions may serve as a basis for the enhancement under Guideline § 2L1.2(b)(1)(A).[1] We review de novo the district court's determination whether a prior adjudication thus comes within the Guidelines (*United States v. Ramirez*, 347 F.3d 792, 797 (9th Cir.2003)).

To determine whether a prior conviction is within the scope of Section 2L1.2, we apply the analysis originally set forth in *Taylor v. United States*, 495 U.S. 575, 110

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Further citations to the Guidelines simply take the form "Section 2L1.2—."

S.Ct. 2143, 109 L.Ed.2d 607 (1990). That calls for an initial comparison of the statute of conviction with the generic meaning of the qualifying offense as set forth in the Guidelines (*id.* at 602, 110 S.Ct. 2143). If the statute of conviction is not a categorical match because it criminalizes conduct that is not within the generic meaning of the qualifying offense, we may review the conviction using a modified categorical approach (*id.*). That in turn involves a limited examination of judicially noticeable documents in the record to see whether there is sufficient evidence to conclude that a defendant was indeed convicted of the elements of the generically defined Guideline offense, even though the statute of conviction was facially overinclusive (*Lara–Chacon v. Ashcroft*, 345 F.3d 1148, 1152 (9th Cir.2003)).

We proceed, then, with the *Taylor*-dictated analysis. To begin with, Suarez–Russell's presentence report assigned the 16–level enhancement on the basis that his California conviction for "Possession of a Destructive Device" constituted a "firearms offense" for purposes of Section 2L1.2(b)(1)(A)(iii). But the comparison between California Penal Code § 12303.2, the statute of conviction, and Section 2L1.2(b)(1)(A)(iii) reveals that the statute criminalizes possession of explosives even though such possession would not constitute a "firearms offense" under the Guidelines, so we must proceed to the modified categorical approach. And on that score, the record does not establish that the actual circumstances of the crime of which Suarez–Russell was convicted fall within the Section 2L1.2(b)(1)(A)(iii) definition of "firearms offense." So enhancing Suarez–Russell's offense level based on that conviction was improper.

During sentencing the district court also considered, as an alternative basis for the enhancement, Suarez–Russell's burglary conviction under California Penal Code § 459. As the government would have it, that conviction was for a "crime of violence" under Section 2L1.2(b)(1)(A)(ii), which speaks of the "burglary of a dwelling." Because we have previously held that California's burglary statute is "far too sweeping" to be a categorical match with the Guidelines' generically defined crime of burglary (*United States v. Franklin*, 235 F.3d 1165, 1169 (9th Cir.2000)), we must again engage in *Taylor*'s modified categorical approach.

In that regard the record does not equate Suarez–Russell's plea of guilty to a burglary charge under California Penal Code § 459 to all of the elements of the Guidelines' qualifying offense of "burglary of a dwelling." As to the former, the state court information charged him with "unlawfully enter[ing an] uninhabited house with intent to commit larceny and any felony"—and California Penal Code § 459 specifies that " 'inhabited' means currently being used for dwelling purposes, whether occupied or not." That being so, Suarez–Russell was unquestionably charged with burglary of a structure that was *not* currently being used for dwelling purposes, thus taking the charge out of the ambit of the Guidelines' offense.

To the identical effect, the minute order from the hearing at which Suarez–Russell pleaded guilty to the state offense recites that the court found the offense to be in the second degree. California Penal Code § 460 defines first degree burglary as burglary of "an inhabited dwelling house" or other "inhabited" structures, while second degree burglary encompasses "all other kinds of burglary." Hence the minute order also confirms that the court in which Suarez–Russell was convicted declined to convict him of the more serious offense that appears to include "burglary of a dwelling."

*Lara–Chacon,* 345 F.3d at 1153 (emphasis added) reconfirms our earlier en banc teaching in *United States v. Corona–Sanchez,* 291 F.3d 1201, 1210 (9th Cir.2002) that the modified categorical approach seeks to determine "if the record *unequivocally* establishes that the defendant was convicted of the generically defined crime." Because the record falls far short of establishing—let alone unequivocally establishing—that Suarez–Russell pleaded guilty to all of the generic elements of "burglary of a dwelling," it was plainly improper to enhance his offense level under Section 2L1.2(b)(1)(A)(ii).

 Apparently anticipating the possibility of the conclusion we have reached, the government has urged that in such event we give it an opportunity on remand to offer additional judicially noticeable evidence to support the enhancement. True enough, our general practice where a district court errs in sentencing is to remand for resentencing on an open record, without limitation on the evidence that the district court may consider (*United States v. Matthews,* 278 F.3d 880, 885 (9th Cir. 2002) (en banc)). But *Matthews, id.* at 886 left intact an exception to that approach where there was a failure of proof after a full inquiry into the question at issue. That was the situation here, where the issue was squarely raised in the district court and where the government presented the relevant documentation as to each of Suarez–Russell's felony convictions.

We find no reason to reopen an already complete record. Accordingly we remand the case for resentencing in light of the existing record and of our holding, based on that record, that the 16–level enhancement was improper.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

AFFIRMED IN PART, REVERSED IN PART, and REMANDED to the district court for resentencing.