**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE PRIDES MEDINA,
                              *Petitioner,*

v.

JOHN ASHCROFT, Attorney General,
                              *Respondent.*

No. 03-71966

Agency No.
A35-116-817

OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
November 3, 2004—San Francisco, California

Filed January 4, 2005

Before: William C. Canby, Jr., Pamela Ann Rymer, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Canby;
Dissent by Judge Rymer

**COUNSEL**

Vicenta E. Montoya, Las Vegas, Nevada, for the petitioner.

Susan K. Houser, Jennifer Levings, Department of Justice, Office of Immigration Litigation, Washington, D.C., for the respondent.

**OPINION**

CANBY, Circuit Judge:

Jose Valdes Medina[1] is a permanent resident of this country, having been admitted as an immigrant from Cuba in 1976. He petitions for review of an order of removal entered by an immigration judge (IJ) and affirmed without opinion by a single member of the Board of Immigration Appeals.[2] The IJ

---

[1]Petitioner informed the Board that he had never used any name other than Jose Valdes Medina, and that the references to him in the administrative record under the names of Jose Prides Medina and Jose Valdez Medina appeared to be a mistake. We refer to him hereafter simply as "Medina."

[2]When the Board affirms without opinion under its "streamlining" regulations, the decision of the immigration judge becomes the final agency determination. 8 C.F.R. § 1003.1(e)(4). We therefore review the immigration judge's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003).

ordered Medina's removal because the State of Nevada convicted him of attempting to be under the influence of a controlled substance—namely, THC-carboxylic acid.[3]

**[1]** The government may remove Medina if his Nevada conviction "relat[es] to a controlled substance (as defined in section 802 of Title 21), other than a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). If Medina was removable under this provision, we have no jurisdiction to review his removal. *See* 8 U.S.C. § 1252(a)(2)(C). If he is not removable for a controlled substance offense, then we have jurisdiction and he necessarily prevails. Thus "the jurisdictional question and the merits collapse into one." *Sareang Ye v. INS*, 214 F.3d 1128, 1131 (9th Cir. 2000).[4]

We conclude that Medina is not removable under section 1227(a)(2)(B)(i) because the government has failed to establish that his Nevada conviction was for "other than a single offense involving possession for one's own use of 30 grams or less of marijuana."[5] If that provision regarding possession of small amounts of marijuana for personal use is to have a sensible meaning, its protection must extend to the personal use for which possession is excused.

We must not be misled by the fact that Medina's conviction was for attempting to be under the influence of THC-carboxylic acid.[6] The government concedes that

---

[3]THC stands for tetrahydrocannabinol, a controlled substance.

[4]We review de novo the question whether a conviction under state law is a removable offense. *See Lara-Chacon v. Ashcroft*, 345 F.3d 1148, 1151 (9th Cir. 2003) (amended opinion).

[5]The government bears the burden of establishing that an alien's conviction does not fall within the exception for possession of 30 grams or less of marijuana. *See Sandoval v. INS*, 240 F.3d 577, 581 (7th Cir. 2001).

[6]Medina sought to subpoena an attorney from the state prosecutor's office to testify that a person under the influence of marijuana is generally charged with being under the influence of THC-carboxylic acid. The application for a subpoena was denied.

THC-carboxylic acid is a metabolite of the human body.[7] The government also concedes that marijuana use causes a person to test positive, as Medina did, for THC-carboxylic acid.

[2] It is true that the body may be caused to produce THC-carboxylic acid by the use of substances other than marijuana. Use of THC itself,[8] or of hashish, would also cause the body to produce THC-carboxylic acid, and possession of small amounts of THC or hashish is not excused under section 1227(a)(2)(B)(i). In analyzing Medina's conviction for purposes of removal, however, we take a categorical approach and look to the statutory definition of the crime of conviction. *See Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004). If the definition of the crime does not establish removability, we may look beyond it under a "modified" categorical approach to a limited set of documents in the record of conviction: "the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Id.*; *see also Li v. Ashcroft*, No. 02-72597, 2004 WL 2626779, *3 (9th Cir. Nov. 19, 2004). Nothing in the statutory definition of Medina's crime or in the specified documents negates the possibility (indeed the likelihood) that Medina's conviction resulted from the personal use of marijuana in an amount less than 30 grams.[9] For all that the controlling docu-

---

[7]Medina offered two articles (only one of which found its way into the record) that suggest THC-carboxylic acid is the metabolite in the body by which drug tests detect marijuana, and the government conceded this proposition at oral argument. *See, e.g.*, *United States v. Harper*, 22 M.J. 157, 159 n.1 (C.M.A. 1986).

[8]THC can be separated from its plant source naturally or produced synthetically. THC-carboxylic acid is different from either synthetic or natural THC; it is a metabolite of the human body.

[9]If, contrary to authority, we were to look beyond the documents of the modified categorical approach, *see Lara-Chacon v. Ashcroft*, 345 F.3d at 1156, we would be left with the only evidence of use in the record: Medina's testimony in the removal hearing that he had smoked one joint of marijuana and did not use either THC or hashish on the day of his arrest. The IJ ruled that "on the basis of both demeanor and the testimony pre-

ments reveal, Nevada convicted Medina for his personal use of a small amount of marijuana.

**[3]** The government argues vigorously that marijuana *use* cannot come within the provision of section 1227(a)(2)(B)(i) relating to marijuana *possession*. This is not a sensible construction of the governing statute. Congress provided that a person is not subject to removal for "a single offense *involving* possession *for one's own use* of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i) (emphasis added). It defies reason to conclude that Congress wanted to protect a person who possessed marijuana in small amounts *for his own use*, but then wanted to remove him from the country if he did so use it. That is why we observed in *Flores-Arellano v. INS*, 5 F.3d 360 (9th Cir. 1993), that "the exception for a single conviction involving personal-use marijuana possession includes an implicit exception for a single conviction of *actual* personal use of marijuana." *Id.* at 363. We pointed out that this interpretation "makes absolute logical sense." *Id.* We noted that use of drugs "has generally been considered a less serious crime than possession." *Id.* at 363 n.5. Indeed, under the plain words of section 1227(a)(2)(B)(i), it is virtually impossible to conclude that personal use of less than 30 grams of marijuana is not an offense "*involving* possession for one's own use of 30 grams or less of marijuana." *Id.* (emphasis added). We therefore conclude that the provision of section 1227(a)(2)(B)(i) negating removability for marijuana posses-

---

sented, the Court does not have a basis upon which to make an adverse credibility finding and declines to do so." No one has suggested that one joint of marijuana would contain anywhere near the maximum amount of 30 grams of marijuana permitted by section 1227(a)(2)(B)(i). Nor did Medina's drug test or his conviction contradict his testimony by showing that he used *more* than 30 grams of marijuana (or metabolically produced an equivalent in THC-carboxylic acid). Indeed, it is hard to resist the conclusion that Congress established the 30-gram limit in order to specify an amount that, if exceeded, was unlikely to be devoted to personal use rather than distribution.

sion for one's own use applies to Medina's actual use of marijuana.

**[4]** Medina has been ordered removed from this country because he personally used a small amount of marijuana, and he was convicted because that use showed up in a drug test. At the least, the government has failed to sustain its burden of proving otherwise.

> [W]hen the documents that we may consult under the "modified" approach are insufficient to establish that the offense the petitioner committed qualifies as a basis for removal . . . we are compelled to hold that the government has not met its burden of proving that the conduct of which the defendant was convicted constitutes a predicate offense, and the conviction may not be used as a basis for removal.

*Tokatly*, 371 F.3d at 620-21. We conclude, therefore, that removal of Medina on the basis of his conviction for attempt to be under the influence of THC-carboxylic acid is not authorized by section 1227(a)(2)(B)(i). We accordingly have jurisdiction over Medina's petition for review, and he prevails on the merits. We grant the petition for review, reverse the order of removal, and remand the matter to the Board for disposition consistent with this opinion.

**PETITION FOR REVIEW GRANTED; REVERSED and REMANDED.**

---

RYMER, Circuit Judge, dissenting:

The majority's opinion turns on its view that "Medina has been ordered removed from this country because he personally used a small amount of marijuana." Maj. op. at 71. The problem is, this is not at all why Medina was ordered

removed. He was ordered removed based on his controlled substance conviction for the offense of *attempting to be under the influence of THC-carboxylic acid* in violation of Nev. Rev. Stat. §§ 193.330 and 453.411. THC is listed as a controlled substance on both the Nevada schedule of controlled substances and the federal schedule — and it is listed separately from marijuana. *See* 8 U.S.C. §§ 802, 812; *compare* § 812(c) Sch. I(c)(10) *with* § 812(c) Sch. I(c)(17); *see also* Nev. Admin. Code § 453.510. The definition of THC in these schedules encompasses THC-carboxylic acid.[1] In my view, this satisfies the government's burden of proving that Medina was convicted of a controlled substance violation other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Medina's argument that THC-carboxylic acid is a metabolite in the body and *can* be caused by marijuana ingestion does nothing to undercut this; at best it amounts to an argument that he was charged with the wrong offense. However, it is too late for this. Medina was represented by counsel and chose to plead guilty to a THC violation. He did not plead guilty to possessing 30 grams or less of marijuana intended for personal use. Nor did he argue that the factual basis for his plea was insufficient on the ground that what he actually attempted to be under was the influence of marijuana rather than THC. Further, Medina pled guilty to a THC *use* offense, not to a marijuana *possession* offense. Because the two substances are separately listed, and Medina admitted that he attempted to be under the influence of THC, the government has shown that he was ordered removed based on a controlled substance offense other than a violation for possession of 30 grams or less of marijuana intended for personal use. We therefore lack jurisdiction under 8 U.S.C. §§ 1252(a)(2)(C) and 1227(a)(2)(B)(i), and should dismiss the case.

---

[1] 8 U.S.C. § 812 provides: "Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation, which contains any quantity of . . . Tetrahydricannabinols" falls under Schedule I.