Matahom Sayson SCULLY, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72619.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2007.*

Filed March 22, 2007.

Claro L. Mamaril, Esq., Mamaril & Mamaril, Vallejo, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Linda S. Wernery, Esq., William C. Minick, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Scully seeks review of the Board of Immigration Appeals' (Board) decision affirming an Immigration Judge's (IJ) final removal order. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Congress largely eliminated our jurisdiction to review a final order of removal against an alien who is removable by reason of having committed an aggravated felony. See 8 U.S.C. § 1252(a)(2)(C); 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felonies). If the petitioner has committed an aggravated felony, we nevertheless retain jurisdiction over "constitutional claims or questions of law" raised in the petition for review. 8 U.S.C. § 1252(a)(2)(D).

Scully argues that her conviction did not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(M)(i), because that section describes a criminal offense that "involves fraud or deceit in which the loss to the victim or victims exceeds $10,000". 8 U.S.C. § 1101(a)(43)(M)(i). Scully pleaded guilty to visa fraud in violation of 18 U.S.C. § 1546 and conspiracy to commit visa fraud in violation of 18 U.S.C. § 371. She admits the convictions, but argues they nevertheless did not fall under section 1101(a)(43)(M)(i). We review de novo whether a particular conviction constitutes an aggravated felony. Li v. Ashcroft, 389 F.3d 892, 895 (9th Cir.2004).

"To determine whether an offense qualifies as an aggravated felony, we begin by conducting a facial review of the statutory definition of the prior offense." Ruiz–Morales v. Ashcroft, 361 F.3d 1219, 1221 (9th Cir.2004). First, we "make a categorical comparison of the elements of the statute of conviction to the generic definition, and decide whether the conduct proscribed by the statute of conviction is broader than, and so does not categorically fall within, this generic definition." Lara–Chacon v. Ashcroft, 345 F.3d 1148, 1151 (9th Cir.2003). In cases where the state statute is broader than the definition of an aggravated felony, "we conduct a limited examination of documents in the record to determine if there is sufficient evidence to conclude that a defendant was convicted of the elements of the generically defined crime even though his or her statute was facially overinclusive." Id. at 1152 (quotation & citation omitted).

Applying this analysis, 18 U.S.C. §§ 1546 and 371 are not categorical matches for the aggravated felony described in 8 U.S.C. § 1101(a)(43)(M)(i) since they do not contain an element for the minimum amount of loss to the victim or victims. Cf. 8 U.S.C. § 1101(a)(43)(M)(i) ("fraud or deceit in which the loss to the victim or victims exceeds $10,000"). Thus, we examine whether there was sufficient evidence to conclude that Scully committed an offense involving fraud or deceit in which the loss to the victim or victims exceeds $10,000. Scully admitted that her prior visa conviction involved fraud or deceit. The remaining issue is whether the loss to the victim or victims exceeded $10,000. Scully was ordered to pay $271,204 in restitution to her victims. We have stated that "[i]n

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

criminal cases, restitution may compensate victims only for actual losses caused by the defendant's criminal conduct." *United States v. De La Fuente*, 353 F.3d 766, 771 (9th Cir.2003) (quotation & citation omitted). Further, a "victim is a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." *Id.* (quotation & citation omitted). Thus, the district court necessarily concluded that Scully's fraudulent scheme resulted in a loss greater than $10,000 to her victims. We hold against her contention that her conviction does not fall under 8 U.S.C. § 1101(a)(43)(M)(i).

■ Scully also argues that the Board erred in classifying her aggravated felony because the proper category for her aggravated felony was section 1101(a)(43)(P), and not section 1101(a)(43)(M). But Scully cites no authority that required the government to charge her under § 1101(a)(43)(P) rather than § 1101(a)(43)(M). Further, in *Lara–Chacon*, we rejected a similar argument. 345 F.3d at 1154 n. 9. The petitioner in that case unsuccessfully argued that his Arizona conviction for money laundering should be construed under § 1101(a)(43)(D), which specifically required that the amount in question exceed $10,000, instead of as another category of aggravated felony that did not contain the $10,000 requirement. *Id.* Similarly, we reject Scully's contention that the government was required to charge Scully under the aggravated felony definition under § 1101(a)(43)(P).

■ Finally, Scully asserts an alleged due process challenge. She argues that her right to a full and fair hearing was violated when the IJ refused to conduct an evidentiary hearing into the circumstances of the underlying criminal conviction. She complains that she was not allowed to present evidence that the attorneys and judge intended to craft a sentence that would avoid exposing her to deportation under INA § 101(a)(43)(P).

Scully has not demonstrated a due process violation. The right to a full and fair hearing does not include the right to present irrelevant evidence. Scully presents no authority or reasoned argument in support of her implicit assumption that the immigration authorities are somehow bound by the intent of a criminal judge and lawyers. Thus, it did not violate due process to prevent Scully from presenting evidence that the actors at her criminal proceeding did not intend for her to be deported.

Petition denied.