**Orion Leoza WALKER–PATRICK, a.k.a. Patrick Walker, Petitioner–Appellant,**

**v.**

**Alberto R. GONZALES, Attorney General; Roseanne C. Sonchik, Respondents–Appellees.**

**No. 04–16813.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 2007.

Filed May 3, 2007.

Elizabeth B. Wydra, Peter A. Klivans, Esq., Quinn Emanuel Urquhart Oliver &

by 9th Cir. R. 36–3.

Hedges, LLP, San Francisco, CA, for Petitioner–Appellant.

Orion Leoza Walker–Patrick, San Diego, CA, pro se.

Cynthia M. Parsons, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Respondents–Appellees.

Before: WALLACE, D.W. NELSON, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Congress did not provide for the situation, as here, where an appeal of the district court's denial of a habeas petition was pending at the time the REAL ID Act, Pub.L. No. 109–13, 119 Stat. 302 (2005), became effective in May 2005. *See Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1053 (9th Cir.2005). We have held that such an appeal of the denial of a habeas petition "should be construed as if it were a timely filed petition for review with this court." *Id.* We therefore review the decision of the Board of Immigration Appeals (Board), not the district court's order adopting the Magistrate Judge's Report and Recommendation. *See id.*

We lack jurisdiction over Walker–Patrick's "aggravated felony" claims because he did not exhaust administrative remedies. *See* 8 U.S.C. § 1252(d)(1). Before the Board, Walker–Patrick had the right to challenge both the fact of his 1997 conviction and to make non-constitutional legal arguments concerning whether he had been convicted of an aggravated felony.

*See Lara–Chacon v. Ashcroft,* 345 F.3d 1148, 1150–51 (9th Cir.2003) (as amended). He failed to do so. We need not address the further issue of whether Walker–Patrick could have pressed a due process claim before the Board because he has not raised such a claim in either his habeas petition or appellate brief. Because Walker–Patrick did not exhaust "all administrative remedies available to [him] as of right" in connection with his aggravated felony claims, we lack jurisdiction to consider those claims. 8 U.S.C. § 1252(d)(1).

We thus turn to Walker–Patrick's remaining claims. Because he failed to exhaust the claim that his counsel's ineffective assistance in the underlying criminal proceeding renders him undeportable, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1). Having failed to show that he filed an application for citizenship, we cannot accept Walker–Patrick's claim that he is a United States "national" who is not subject to deportation. *See Hughes v. Ashcroft,* 255 F.3d 752, 755–57 (9th Cir.2001). Walker–Patrick's equal protection argument is foreclosed by *Taniguchi v. Schultz,* 303 F.3d 950, 958 (9th Cir.2002). Finally, Walker–Patrick's 8 U.S.C. § 1231(b)(3) and Convention Against Torture claims are meritless because he fails to argue that the Board's adverse credibility determination was not based on substantial evidence. *See Lanza v. Ashcroft,* 389 F.3d 917, 933 (9th Cir.2004).

**DISMISSED IN PART AND DENIED IN PART.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.