**Octavio RODRIGUEZ–URIBE,**
**Petitioner,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

No. 06–71332.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 21, 2007.

Octavio Rodriguez–Uribe, Eloy, AZ, pro se.

Alexander T.H. Nguyen, Esq., Kirkland & Ellis LLP, Washington, DC, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Daniel E. Goldman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: BYBEE, M. SMITH, and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Octavio Rodriguez–Uribe petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) order finding him removable and denying his application for cancellation of removal. To the extent that we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We deny in part and dismiss in part the petition for review.

■ The BIA correctly found that Rodriguez–Uribe was removable because he had been convicted of violating a law relating to a controlled substance.[1] The Government introduced an Information which charged Rodriguez–Uribe with transporting methamphetamine, a controlled substance,[2] in violation of California Health and Safety Code § 11379(a). The Government also introduced an Abstract of Judgment which indicated that Rodriguez–Uribe pled guilty to and was convicted of the charge in the Information. Together, these documents sufficiently prove that Rodriguez–Uribe was convicted of transporting methamphetamine, rather than some other conduct prohibited by § 11379(a).[3] We therefore deny the portion of Rodriguez–Uribe's petition for review challenging his removability.

■ We lack jurisdiction to review the BIA's order affirming the IJ's discretionary denial of cancellation of removal.[4] Because the BIA assumed that Rodriguez–

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. See Lara–Chacon v. Ashcroft, 345 F.3d 1148, 1151 (9th Cir.2003) (stating that we review de novo "whether a conviction under state law is a deportable offense"); 8 U.S.C. § 1227(a)(2)(B)(i) (stating that an alien is removable if he "has been convicted of a violation of (or a conspiracy or attempt to violate) any law … relating to a controlled substance …, other than a single offense involving possession for one's own use of 30 grams or less of marijuana").

2. See 21 U.S.C. § 802(6), § 812 sched. III(a)(3) (providing that methamphetamine is a controlled substance).

3. See United States v. Velasco–Medina, 305 F.3d 839, 852–53 (9th Cir.2002) (holding that,

in conjunction, an Information with a narrow charge and an Abstract of Judgment indicating that a defendant pled guilty to that charge prove the precise elements of the offense to which the defendant pled guilty).

4. See 8 U.S.C. § 1252(a)(2)(B)(i) (providing that "[n]otwithstanding any other provision of law … no court shall have jurisdiction to review (i) any judgment regarding the grant of relief under section … 1229b [cancellation of removal]"); see also Romero–Torres v. Ashcroft, 327 F.3d 887, 890 (9th Cir.2003) (citing Montero–Martinez v. Ashcroft, 277 F.3d 1137, 1144 (9th Cir.2002)) (interpreting 8 U.S.C. § 1252(a)(2)(B)(i) to "encompass all discretionary decisions involved in the cancellation of removal context, including the ultimate discretionary decision to deny relief").

Uribe was eligible for cancellation of removal and affirmed only the IJ's discretionary denial of cancellation of removal, Rodriguez–Uribe's argument regarding the consideration of his conviction under California Vehicle Code § 10851(a) is moot.

■ Although we normally retain jurisdiction over constitutional claims even in the context of such discretionary decisions,[5] we lack jurisdiction to consider Rodriguez–Uribe's procedural due process claims because he failed to raise them below.[6] We therefore dismiss for lack of jurisdiction the portion of Rodriguez–Uribe's petition for review challenging the IJ's decision to deny cancellation of removal.

PETITION FOR REVIEW DENIED in part; DISMISSED in part.

---

**5.** *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

**6.** *See Sanchez–Cruz v. INS,* 255 F.3d 775, 779–80 (9th Cir.2001) (holding that we could not review an alien's colorable due process claim that an IJ was not impartial because the alien raised the claim for the first time on appeal).